[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 540 
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 541 
The evidence was conflicting both as to the negligence of the plaintiff and the defendant, and this court has no power to review it, as seems to have been supposed by the defendant's counsel. The injury occurred while plaintiff was crossing Fourth avenue at Fifty-first street, from the west, by an engine of defendant which was being backed down. The negligence of the defendant was predicated upon the omission to ring the bell, and the neglect of the flagman employed at that crossing to attend to his duties, or give any *Page 542 
warning of the approaching engine. It is more than probable that the bell was in fact rung, although the plaintiff testified that he listened and did not hear it. The main contest related to the conduct of the flagman. The plaintiff stated that he did not see the flagman. Other witnesses saw him, but stated that he was standing by the side of a stationary freight car with his flag under his arm, in conversation with another person. On the other hand the flagman himself, and several other witnesses, testified that he warned the plaintiff to stop, that the plaintiff did stop, but immediately started up his horse and went on to the crossing in spite of the warning. In addition to this there was evidence that the plaintiff and his brother, who was with him, were going at a rapid rate with their heads down, and giving no attention to surrounding objects. They testified, however, and were to some extent corroborated, that they were proceeding on a walk with a load of furniture, and upon approaching the avenue that they stopped and looked both ways, and saw no engine, and that empty box-cars were standing on the track between them and the track upon which the engine was backing down, that they listened and heard no bell or whistle, and saw no flagman. The court upon this evidence was justified in submitting the question to the jury, and the motion to nonsuit was properly refused. The charge of the court was very fair and no exception was taken to any part of it.
There were four requests to charge which were refused. The first, that there was no negligence in using that particular engine, was an abstract proposition of no moment. No evidence of claim had been made that the engine was not in all respects proper, and it is not error to refuse to charge upon an irrelevant point. The second point, that it was not negligence in the defendant that the box-cars were standing on the track, is of a similar character. No such allegation was made upon the trial. The standing cars were used upon the question of the plaintiff's negligence as to whether his view was obstructed, and not as the foundation of negligence on the part of the defendant. *Page 543 
The refusal to charge the third request was not error. Although it is not negligent for a railroad company to omit to keep a flagman, yet if one is employed at a particular crossing, his neglect to perform the usual and ordinary functions of the place may be sufficient to charge the company. The request, therefore, that the jury must find both a neglect of the flagman and an omission to ring the bell, was not tenable. If the plaintiff did not hear the bell and there was a neglect to give any warning by the flagman, and such neglect solely produced the injury, it was sufficient. As to the fourth request, that if the flagman warned the plaintiff and the bell was rung there was no negligence, the court had charged, distinctly, more favorably to the defendant than the request required. The court had charged that if they should believe the bell was not rung, yet if the flagman gave the warning, the company did all that the law required and were absolved from responsibility. It was unnecessary to again repeat it, and we cannot see that it was possible that the jury could have been misled. There was no error in law committed and the case appears to have been fairly submitted to the jury and we cannot review their verdict upon the facts. The amount of the verdict, if any should have been given, was reasonable, which is not always the case in actions against railroad companies. But little, if anything, more than the value of the property destroyed was recovered, although it is undisputed that the plaintiff received some personal injuries.
The judgment must be affirmed.
All concur.
Judgment affirmed. *Page 544