MILES PARKER, RESPONDENT, *v.* ORVILLE M. KNOX, APPELLANT.

*Fraudulent representations as to agency — measure of damages on sales for future delivery — proof that the alleged principal was solvent — election of remedies.*

An action was brought to recover the damages alleged to have resulted to the plaintiff from the defendant's fraudulent act, in falsely representing himself to the plaintiff to be the agent of a third person, and in having thus bought from the plaintiff for future delivery hops which he subsequently refused to take, by reason of which a loss resulted to the plaintiff through their fall in price:

*Held,* that the measure of damages was the difference between the contract-price and what the hops were worth at the time when they should, by the terms of the contract, have been delivered.

That, in connection with the subject of damages, it was not requisite for the plaintiff to show affirmatively that the third party represented by the defendant to be his principal was "solvent and responsible."

The defendant's counsel asked the court "to charge directly that a verdict or judgment for the defendant in this case would not be a bar to an action by the plaintiff against Knox for a breach of contract to buy the hops upon his own account."

To this request the court replied: "I decline to charge that," and then added, "I think the rule is, having selected this remedy and the method of enforcing

it, that it is a selection which he must stand by, and I decline to charge the proposition."

*Held*, that had the court simply refused the request the appellate court might have held that the request was not upon a material issue, but that the words added were erroneous, as the doctrine of election did not apply.

That the plaintiff, had he failed to prove fraud in this action, might still have held the defendant liable, in another action, as the purchaser of the hops, because of his having assumed to have an authority which he did not, in fact, have.

That because of such statement to the jury a new trial should be granted. (MARTIN, J., dissenting upon this last point.)

APPEAL by the defendant Orville M. Knox from a judgment, entered in the office of the clerk of Madison county on the 30th day of April, 1890, in favor of the plaintiff, after a trial at the Madison Circuit before the court and a jury, at which a verdict was rendered in favor of the plaintiff for $1,700.74, with notice of an intention to bring up for review upon said appeal an order, entered in said clerk's office on the 12th day of December, 1890, denying the defendant's motion for a new trial.

Plaintiff in his complaint alleged that on the 26th day of June, 1889, he was the owner of a quantity of hops and that the defendant, "for the purpose of obtaining control of the same for speculative purposes, falsely and fraudulently represented and stated to the plaintiff that he, the defendant, was duly authorized by one George W. Elkins, who was well known to the plaintiff to be a reputable and solvent hop dealer, to buy the plaintiff's hops, and offered the plaintiff for said hops, as the alleged agent of said Elkins, the sum of twenty-two cents per pound. * * * That the plaintiff, relying on the said representations of the defendant, that he was the agent of said Elkins and had the right to buy said hops for him, and believing that the sale was made to said Elkins, as the principal of said defendant, sold his ninety-seven bales of hops, weighing 18,456 net, to the defendant as per his offer of twenty-two cents per pound. That the defendant paid the plaintiff on account of said sale twenty dollars, and agreed to weigh, inspect and pay for said hops at the plaintiff's hop-kiln, in the town of Madison, county of Madison, where said hops then were, on the following Saturday or Tuesday. That the plaintiff, on both of said days was prepared to deliver said hops, as aforesaid, but the defendant failed to put in an appearance and to take said hops. That the defendant promised,

from time to time, to take said hops alleging as an excuse that his principal, said Elkins, was away from his place of business among the brewers, or had no place for them just at the time, and would fix new dates, but always defaulted and failed to take said hops and pay for the same the purchase-price aforesaid. Thát thereafter, and about the month of August, 1889, plaintiff learned that the defendant had no authority from said Elkins to buy said hops, as aforesaid, and plaintiff alleges, on information and belief, that defendant had no authority to buy said hops for said Elkins, and was not his agent and had no authority to bind him on said purchase."

The plaintiff also alleged that on the twenty-sixth of June the hops were worth twenty-two cents in the market; "that thereafter the market-value of hops declined so that when plaintiff learned that said defendant was not the agent for said Elkins in making said purchase, and that said sale had not, in fact, been made to said Elkins, and the defendant refused to take said hops and pay for the same, said hops were only worth in the market the sum of nine cents per pound, at which said sum the plaintiff sold said hops as soon as he reasonably could on or about September 25, 1889, and said sale, at nine cents per pound, was the full value of said hops and all that the plaintiff could obtain for the same."

The answer of the defendant contained a denial of the allegations of the complaint.

*Jenkins & Devereux,* for the appellant.

*Haskell & Coley,* for the respondent.

HARDIN, P. J.:

Upon an inspection of the evidence it is seen that the same is sufficient to sustain the verdict. The evidence sustains the allegations of fraud; we may not, therefore, interfere with the verdict as being against the weight of evidence. Upon the facts found by the verdict, a cause of action is made out against the defendant. (*Brackett* v. *Griswold,* 112 N. Y., 454.)

In the course of the charge delivered by the learned trial judge to the jury, he said: " If you say that the plaintiff is entitled to recover in this case, the rule would be the actual loss which he has sustained by reason of this false and fraudulent representation,

and, gentlemen, that would be the difference between the contract-price of these hops, at which they were sold and were to have been taken, and the price which they were actually worth at the time they ought to have been delivered." At another point in the charge the court observed : " If the plaintiff is entitled to recover in this action, he is entitled, within the rules of law of this State, to recover the actual damage which he has sustained, and the rule is not very much different, or very widely different in actions sounding in tort under the facts in this case, than upon a breach of contract, or if the action had been brought for a breach of contract in an action at law merely." The defendant's counsel took a general exception " to that part of the charge in which the court states the rule of damages in this case," and accompanying the exception was a request " to say to the jury that the plaintiff must show affirmatively that Elkins was solvent and responsible ; " in response to that request the court declined to charge the proposition. We think there was no error in declining to yield to the request ; the presumption was that Elkins was " solvent and responsible," and so far as the evidence bears upon that question it indicates that he was solvent and responsible.

The defendant's counsel asked the court " to charge directly that a verdict or judgment for the defendant in this case would not be a bar to an action by the plaintiff against Knox for a breach of contract to buy the hops upon his own account." In response to that request the court observed " I decline to charge that. I think the rule is, having selected this remedy and the method of enforcing it, that it is a selection which he must stand by, and I decline to charge the proposition." If the court had simply declined to yield to the request, we might say that the request was not upon a material issue in the case, but we must consider the further language used by the court, to wit: " The rule is, having selected this remedy and the method of enforcing it, that it is a selection which he must stand by, and I decline to charge the proposition." We think this is not a case where the doctrine of election applies. The plaintiff charges the defendant, in his complaint and in the evidence produced, with having committed a fraud, and that he fraudulently represented that he was the agent for Elkins. It might well be that there was no fraud, and the jury might have

been properly instructed that if they found there was no fraud there could not be a recovery against the defendant in the form of action adopted here. We fail to see, however, that such failure would have prevented the plaintiff from recovering against the defendant, upon the theory that he himself had become the purchaser of the hops, and was liable as upon the contract made with the plaintiff. It is a familiar principle that when a party assumes to act as agent for another and induces a contract upon that assumption, and it turns out that there was no authority in fact to act for the supposed or alleged principal, the agent himself is liable upon the contract. We think it does not require the same evidence to support an action for alleging the defendant, is liable upon the contract made as it does to support an action alleging that he fraudulently represented that he was authorized as agent for a party to act. As was said in *Bowen* v. *Mandeville* (95 N. Y., 241): "In the one case the recovery is based upon the express liability assumed by the party in his contract, and in the other upon the liability incurred for a violation of the duty of honesty and fair dealing, which the law enjoins upon one in his dealings with another." We think for the error pointed out that there must be a new trial.

MERWIN, J., concurred.

MARTIN, J. (dissenting):

This action was to recover damages sustained by the plaintiff by reason of the fraud or deceit of the defendant. The defendant's alleged fraud consisted in falsely representing himself to be the agent of one Elkins in purchasing the plaintiff's hops.

On the trial the defendant asked the court "to charge directly that a verdict or judgment for the defendant in this case would not be a bar to an action by the plaintiff against Knox for the breach of contract to buy the hops upon his own account." To which the court replied: "I decline to charge that. I think the rule is, having selected this remedy and the method of enforcing it, that it is a selection which he must stand by, and I decline to charge the proposition." The appellant contends that this was error.

If the defendant fraudulently represented that he was the agent of Elkins in purchasing the hops in question, the plaintiff had two

remedies : (1) By an action for damages for the defendant's fraud, and, (2) By an action upon an implied warranty that he was such agent. If these remedies were inconsistent, the plaintiff, by bringing this action, with a knowledge of all the facts, must be deemed to have made his election of remedies, and he could not maintain an action upon such implied warranty. But if they were consistent and concurrent, then this action would not bar an action upon the defendant's warranty, whether express or implied, as a party may prosecute as many remedies as he legally has, provided they are consistent and concurrent. (*Bowen* v. *Mandeville*, 95 N. Y., 240, and cases cited.)

In the case of *Baltzen* v. *Nicolay* (53 N. Y., 467, 469), it was said : " When an agent makes a contract beyond his authority, by which the principal is not bound, by reason of the fact that it was unauthorized, the agent is liable in damages to the person dealing with him upon the faith that he possessed the authority which he assumed. The ground and form of his liability in such a case has been the subject of discussion, and there are conflicting decisions upon the point; but the later and better considered opinion seems to be that his liability, when the contract is made in the name of his principal, rests upon an implied warranty of his authority to make it, and the remedy is by an action for its breach. Citing *Collin* v. *Wright* (8 E. & B., 647); *White* v. *Madison* (26 N. Y., 117); *Dung* v. *Parker* (52 id., 494)." See also *Simmons* v. *More* (100 N. Y., 141), and cases cited in opinion.

The question presented is whether the plaintiff's remedy by an action against the defendant for his deceit in falsely and fraudulently representing that he was the agent of Elkins, and his remedy upon the implied warranty of his authority to act as such agent, were independent and inconsistent, or whether they were consistent and concurrent remedies. In *White* v. *Madison* (26 N. Y., 124), where this question was somewhat considered by the Court of Appeals, SELDEN, J., said : " If the act of the agent were fraudulent, an action for the deceit would lie, but it would be a concurrent remedy with an action on the warranty, and so I apprehend must be the action on the contract itself, if the cases which sustain such action are to be regarded as correctly decided." The doctrine of this case was followed in *Dung* v. *Parker* (52 N. Y., 500), where ANDREWS, J.,

says: "If the act of the agent was fraudulent, an action for the deceit is a concurrent remedy with assumpsit. (See, also, *Bowen* v *Mandeville,* 95 N. Y., 240.)

The doctrine of these cases seems to be decisive of this question, and requires us to hold that the plaintiff's remedies for the defendant's fraud, and on his implied warranty, were concurrent and not inconsistent. It follows, therefore, that the statement of the court, that the plaintiff having selected his remedy must stand by it and could not recover upon the contract, was not correct if held to apply to the implied warranty of authority which arose from the defendant's unauthorized act as agent.

Assuming the incorrectness of this statement, the inquiry is presented whether the court erred in refusing to charge as requested, or in giving the reasons assigned for declining to do so. The action was a clear and well-defined action for fraud. The only questions that were material to the case were whether the defendant made the representation under such circumstances and with the intent necessary to establish a cause of action for fraud. Whether the plaintiff might have maintained a different action, or might, if defeated in this action, still maintain a different one, were questions in no way material to any issue between the parties. Therefore, the court properly declined to charge as requested. The court was only required to charge upon the material questions in the case. Having done that, it was under no obligation to submit to the jury an abstract proposition of law for its consideration. (*Moody* v. *Osgood,* 54 N. Y., 488; *Hine* v. *Bowe,* 114 id., 351.) Nor was it error to refuse to charge upon an irrelevant point. (*Kissenger* v. *N. Y. and H. R. R. Co.,* 56 N. Y., 538.) A refusal to charge a proposition, which, however true, is foreign to the case, is not error. (*Priebe* v. *Kellogg Bridge Co.,* 77 N. Y., 597.)

But it is said that the reason assigned by the learned trial judge for declining to charge as requested was not correct, and hence it constituted an error for which the judgment should be reversed. I do not think so. The reason given by the court was, in effect, that the plaintiff having selected his remedy by that action must stand by it. This was little more than denying the defendant's request; and as the statement of the court related only to an immaterial question, it could not have injured the defendant.

It may be observed that the request was not to charge that a. judgment in' this case would not be a bar to an action against the defendant for a breach of his implied warranty of authority, but was a request to charge that a judgment in the case would not be a bar to an action by the plaintiff against the defendant for the breach of a contract to buy the hops on his own account. This request clearly related to the sale, which was the basis of this action, and was, in effect, a request to charge that if the contract was, in form and substance, a contract of sale between the plaintiff and defendant, the plaintiff could recover in an action thereon. I do not think the court would have been justified in charging as requested, or that what was said in reply to such request constituted an error for which the judgment should be reversed. If there was such a. contract between the parties, it was disaffirmed by the bringing of this action. The action was totally inconsistent with the existence of any such contract. (*Roberts* v. *Ely*, 9 N. Y. State Rep., 796.)

Moreover, I do not think the exception taken by the appellant. sufficient to raise the question as to the correctness of the language employed by the court in its statement in relation to the plaintiff's selection of a remedy. The appellant requested the court to charge a distinct proposition. It declined, and then gave a reason for doing so. There was no specific exception to what the court said, but only a general one, which would seem to relate to the refusal of the court to charge as requested, rather than to the reasons assigned for such refusal. The exception did not in any manner refer to that portion of the charge now objected to, so that the court could have understood that the exception related to the reason assigned for its ruling. "When it is intended to except to a specific proposition, or to particular remarks of a judge in his charge to the jury, the counsel making the exception should put his finger on the proposition clearly and distinctly, beyond any question, and employ language entirely plain, so that there can be no doubt as to the real character of the exception or as to what was actually intended. This is essential to enable the judge to correct, modify or change the language used, if he deems it proper, and to prevent any misconception or misapprehension as to what portion of the charge the exception was intended to apply." (*McGinley* v. *U. S. L. Ins. Co.*, 77 N. Y., 495, 497; *Bosley* v. *N. M. Co.*, 123 id., 550, 558.)

If, however, the exception were to be regarded as an exception both to the refusal to charge as requested, and to what was said by the court, still, as the refusal to charge was proper, a general exception should not, I think, be sustained. The rule is well established that, if a charge on a certain subject contains two or more propositions, and as to one of them the charge is correct, a general exception to the portion of the charge relating to that subject will bring up no question for review.

If the appellant desired to raise a question as to the propriety of the language used by the court in denying his request, he should have taken a specific exception thereto. Not having done so, I do not think that the propriety of that portion of the charge can be reviewed on this appeal.

I fully concur in the opinion of my Brother HARDIN in this case, except in his conclusion that the remarks of the court in declining to charge as requested constituted error for which this judgment should be reversed. I cannot concur in that conclusion.

I am of the opinion that the judgment and order should be affirmed, with costs.

Judgment and order reversed and a new trial ordered, with costs to abide the event.