THOMAS WILSON, Administrator, *vs.* NEW YORK, NEW HAVEN & HARTFORD RAILROAD COMPANY.

| 18 | 491 |
|---|---|
| 18 | 605 |
| 18 | 491 |
| 19 | 370 |
| 18 | 491 |
| 20 | 129 |
| 18 | 491 |
| 21 | 573 |
| 18 | 491 |
| 25 | 577 |
| 18 | 491 |
| 26 | 554 |

In an action against a railroad company for causing the death of a person at a railroad crossing on a highway through its negligence, a declaration which merely charges negligence without setting forth in particular any act or omission of the defendant constituting negligence, is demurrable.

If a railroad company voluntarily erects and maintains a gate at a highway crossing, the leaving open of such gate when a train is approaching is negligence.

Leaving the gate open amounts in law to an invitation to travellers on the highway to cross the track, in the sense that it is an implied assurance that the track can be safely crossed.

TRESPASS ON THE CASE. Certified from the Common Pleas Division on demurrer to the declaration.

The second count of the declaration is as follows :—

"And also for that the defendant corporation at Lincoln aforesaid on the first day of March, A. D. 1892, was possessed of a certain railway locomotive, tender, and train of cars attached thereto, and was by its servants at that time propelling, driving, managing and conducting the same upon and along a certain railway which crossed at grade a certain public highway, to wit,        street in the town of Lincoln, county aforesaid ; that at said Lincoln on said last mentioned date, the plaintiff's intestate with fourteen others was in a public conveyance, to wit, a sleigh drawn by four horses ; that said sleigh and horses were driven, managed and controlled exclusively and solely by one        the servant and agent of        the owner and proprietor of said sleigh, horses and harness ; that said driver was in no sense the agent and servant of the plaintiff's intestate ; the aforesaid crossing was a dangerous one as the defendant corporation well knew, but the plaintiff's intestate was ignorant of its existence, and of the existence of any railroad crossing at that place ; that the defendant corporation had gates at each side of said highway at said crossing to warn the public when said gates were down and closed that it was dangerous to cross said railway ; and to notify the public when the gates were up and open that it was safe to cross said railway on said highway aforesaid ; that at said Lincoln on said last mentioned date said

gates were up and open indicating that said railway was safe
to cross and inviting said driver with his horses, passengers
and sleigh to cross said railway; that said driver of said
sleigh in response to said invitation with his sleigh, horses,
and passengers proceeded to cross then and there, and while
in the act of crossing and while the plaintiff's intestate was
in the exercise of due care, through the defendant corpora-
tion through its agents and servants in having the gates at
said crossing open and up, and in inviting the driver to cross
as aforesaid when it was dangerous to do so, and through
the defendant's negligence in running and controlling the
aforesaid locomotive, tender and train of cars at and on said
crossing, and through the negligence of the defendant in
leaving said dangerous crossing unguarded and unprotected
while said sleigh as aforesaid at Lonsdale aforesaid on the
day, month and year last mentioned, the plaintiff's intestate
was struck by said locomotive, tender and train of cars and
was killed."

*February* 27, 1894.    MATTESON, C. J.    We think that the
first count is demurrable, in that it charges negligence with-
out setting forth in particular any act or omission of the de-
fendant constituting negligence.    As a general rule it is
necessary that a declaration should state the facts on which
the supposed duty to the plaintiff was founded and the duty
to the plaintiff with the breach of which the defendant is
charged.    It is not enough to show that the defendant has
been guilty of negligence without showing in what respect
he was negligent and how he became bound to use care to
prevent injury to others.    *Smith* v. *Tripp*, 13 R. I. 152.
The rule is not without exceptions.    *Cox* v. *Providence Gas
Co.*, 17 R. I. 199; *Parker* v. *Providence & Stonington
Steamboat Co.*, 17 R. I. 376.    But we do not find that these
exceptions embrace the case of a collision at a crossing be-
tween a railroad train and a traveller on a highway.

The grounds of demurrer to the second count in the de-
claration raise the question, 1, whether, if a railroad com-
pany voluntarily erects and maintains a gate at a highway
crossing, the leaving open of such gate is negligence; and,

2, whether the leaving of the gate open at the time of the accident amounted in law to an invitation to the driver of the sleigh in which the plaintiff was riding to cross the track.

We are of the opinion that these questions must be answered in the affirmative.

In *State of Maine* v. *Boston & Maine R. R. Co.*, 80 Me. 430, Chief Justice Peters, in a carefully considered opinion, held that the defendants could not escape liability on the ground that no statute required them to maintain gates at a crossing; that the voluntary establishment of gates is evidence of their necessity, and that being advertised to travellers it is evidence of negligence if they are not properly attended and maintained. Again, in *Whelan* v. *New York, Lake Erie & Western R. R. Co.*, 38 Fed. Rep. 15, it was held that a railroad company having established at a crossing a gate under the care of a flagman is bound to close the gate when its cars are passing over the crossing, and that failing to do so would be negligence. So, too, it is held that though it may not be negligence for a railroad company to omit to keep a flagman at a crossing still, if one is employed at a particular crossing, his neglect to perform his duties may be sufficient to charge the company. *Kissenger* v. *New York & Harlem R. R. Co.*, 56 N. Y. 538; *Ernst* v. *Hudson River R. R. Co.*, 39 N. Y. 61; Pierce on Railroads, 353, 354.

While the word "invitation" used in the second count in relation to open gates, though it has sometimes been used in the opinions of learned courts, may, perhaps, be open to criticism as too strong a term, it is evident that all that was meant by the pleader as well as by the judges in their opinions, by the use of the word is, that the leaving open of the gates amounted to an implied assurance that the track might be safely crossed. Thus understood, the authorities are numerous, the only cases to the contrary that have come to our attention being cases in Pennsylvania, that open gates, or the absence of the usual signals of an approaching train or engine, are implied assurances that no train or engine is ap-

proaching the crossing with intent to cross the street, upon which travellers on the street have a right to rely, and that if a traveller on the street be injured while crossing the railroad in such circumstances, the question whether he was guilty of contributory negligence is for the jury. *Stapley* v. *London, Brighton & South Coast Ry. Co.*, L. R. 1 Ex. 21; *Directors, &c., of the North Eastern Ry. Co.* v. *Wanless*, L. R. 7 H. L. 12; *Palmer* v. *N. Y. Central & Hudson River R. R. Co.*, 112 N. Y. 234; *Glushing* v. *Sharp*, 96 N. Y. 676; *State of Maine* v. *Boston & Maine R. R. Co.*, 80 Me. 430; *Whelan* v. *New York, Lake Erie & Western R. R. Co.*, 38 Fed. Rep. 15; *The Pennsylvania Co.* v. *Stegemeier*, 118 Ind. 305; *Cleveland, Columbus, Cincinnati & Indianapolis Ry. Co.* v. *Schneider*, 45 Ohio St. 678; *Chicago, St. Louis & Pittsburg R. R. Co.* v. *Hutchinson*, 120 Ill. 587.

Demurrer overruled and case remitted to the Common Pleas Division for trial.

*George J. West*, for plaintiff.

*Walter B. Vincent*, for defendant.