*97
 
 Church, Ch. J.
 

 This is an action for injuries sustained by the plaintiff, in consequence of a collision on the public highway, occasioned by the alleged negligence of the defendant..
 

 The question of negligence has been settled by the jury, and we have no power to review the facts. ISTor is the decision upon the motion for a new trial, on the ground of newly discovered evidence reviewable in this court, because it is discretionary with the court below.
 

 The only exception in the case is upon the decision of the court overruling an objection to the following question to Dr. Rowland: “ Can you state as to the probable result and extent of the injury ?” The witness was a physician, who had visited the plaintiff, and had testified generally that the injury must necessarily be deleterious to her health.
 

 The counsel for the appellant claims that this question was incompetent, because it called for an opinion as to the
 
 possible
 
 result of the injury. Literally, it. calls for no opinion, but only asks if he can give one; and the question is also capable of the construction that it only calls for an opinion as to the
 
 orémwry
 
 and
 
 natural
 
 result of the injury. This witness was an expert, and it was competent to ask his opinion as to the effect of the injury upon the plaintiff. The subject-matter of the question being competent, the counsel for defendant should have specified 'the ground of the objection, so as to have brought the attention of the court to the point arising upon his construction of the question. A party who alleges error holds the affirmative in the appellate court, and must be able to show it specifically. If a question is put capable of a construction which makes it competent, a general objection will not be regarded, although it is also capable of a construction which may render it incompetent, for the reason that it does not affirmatively appear that the court decided the precise point claimed as error.
 

 Besides, the answer to the question shows that the witness understood it as asking if he could give an opinion. He answered that he could not give an opinion, and what he said
 
 *98
 
 in addition, was by way of reasons why he could not express an opinion. I am not prepared to say that it was improper to express these reasons, but it is sufficient that they were not objected to. The two subsequent questions were not objected to, but the counsel insists that the court had decided in overruling "the objection to the first question, that it was competent to show a possible result of the injury. We have seen that no such point was presented to the court by the objection, and we cannot speculate for the purpose of finding an error. Besides it would not follow that an examination of the witness upon the degree of certainty or probability, as to the effect of the injury, would necessarily establish that the plaintiff could recover for a possible effect. Such an examination may be necessary in some cases to ascertain whether the injurious effect claimed, comes up to the standard of certainty for which damages may be awarded. The counsel claims that the damages were enhanced, because the witness stated that paralysis might be the result of the injury, and yet, on cross-examination, the counsel put the following question:
 

 “You say paralysis might occur from this injury?” To which the witness answered: “ I don’t wish to be understood so.” Showing that the witness declined to express an ' opinion on thé subject. The testimony of this witness appears to have been fair to both parties, and it is impossible to see how the defendant could have been unjustly injured by it. The counsel refers to the charge as evidence of what the court intended to decide. The charge is general; that the plaintiff, if entitled t© a verdict, was entitled to recover damages, “ including compensation for loss of health, pain and every thing growing out of the accident.” This is not obnoxious to the criticism that it favored the idea of damages for possible or even probable injuries, on the contrary, it required positive and certain effects.
 

 The defendant complains that injustice was done him by «the amount of the verdict. We cannot determine how this
 
 *99
 
 is, but, if true, we have no power to relieve him. The judgment must be affirmed.
 

 All concur.
 

 Judgment affirmed.