MATILDA A. MOODY, Respondent, *v.* GEORGE A. OSGOOD, Appellant.

Upon a jury trial the court is not bound to submit to the jury, for their consideration, abstract propositions of law ; and where the jury have been properly instructed upon every question material to the disposition of the case, the court may properly decline to entertain any further application from either party to give further instructions.

Plaintiff, while passing from a street car to the sidewalk, in the city of New York, was struck by the pole of defendant's sleigh, knocked down and injured. In an action to recover for the injury, after the court had instructed the jury, in substance, that to entitle the plaintiff to recover the injury must have resulted solely from the negligence of defendant, and if plaintiff's negligence in any way contributed, she could not recover, defendant's counsel requested the court to charge that, if the evidence was equally balanced on the question of negligence in the defendant and plaintiff, and if the evidence was equally consistent with the absence of as with negligence in the defendant, then plaintiff could not recover. This the court declined to charge. *Held*, no error.

Also, *held*, that plaintiff was not chargeable with notice that the street, in the locality of the accident, was one where gentlemen were in the habit,

Statement of case.

of testing the speed of fast horses, from the fact of her residence near and her custom of riding up and down in the cars; and that a refusal of the court so to charge was not error.

(Argued June 20, 1873; decided September term, 1873.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, affirming a judgment in favor of plaintiff entered on a verdict, and affirming an order denying motion for a new trial. (Reported below, 60 Barb., 644.)

This action was brought to recover damages for injuries received by plaintiff through the alleged negligence of defendant.

On the 6th of January, 1865, the plaintiff, for the purpose of reaching her home in One Hundred and Twenty-fourth street, between the Sixth and Seventh avenues, in the city of New York, entered one of the cars of the Eighth Avenue Railroad Company, and was carried to the terminus of the road, at corner of One Hundred and Twenty-fifth street and Eighth avenue, at which point the car arrived between five and six o'clock, P. M. On the arrival of the car at One Hundred and Twenty-fifth street, the horses were detached from the northerly or upper end of the car, taken round the shelter car and then attached to the southerly or lower end of the car in which respondent was. The passengers, including plaintiff, proceeded to leave the car by the northerly or rear platform. Before leaving the platform, she looked up and down the avenue and saw vehicles coming in both directions, none of which were within a block of the car. She then descended from the platform to the crosswalk, and had proceeded four or five steps toward the sidewalk on the easterly side of the avenue when she heard a voice shouting or hallooing "go ahead." She turned to see what it meant, and was immediately struck and knocked down by the pole of defendant's sleigh; he had a team of fast horses, and was closely followed by another sleigh. Both sleighs were proceeding at a rapid rate of speed; they turned into the

Eighth avenue at One Hundred and Twentieth or One Hundred and Twenty-first street, when the speed was increased. At this time the sleighs were going at a rate close to a mile in three minutes.

The court charged the jury, among other things, that:

"It is essential that two things shall concur before the plaintiff can recover—one, that the defendant shall be shown to have been guilty of negligence which produced the injury complained of, and the other, that she shall have been free from any negligence which shall in any way have contributed to the injury received. That is the law of this State, and that is the law by which you are to be governed."

Defendant's counsel requested the court to charge the jury, among other things, as follows:

*First.* That the plaintiff is not entitled to recover unless the injury for which she sues was caused solely by the wrongful act, neglect or default of the defendant.

Which the said justice charged.

*Second.* If the negligence of the plaintiff in any way contributed to the injury, the defendant is entitled to a verdict, even though the evidence may establish negligence on his part.

Which the said justice charged.

*Third.* That the jury cannot measure the degree of contribution, or inquire whether it was the negligence of the one or the other which was the essential cause of the injury.

Which the said justice charged.

*Fourth.* That the occurrence of the accident does not, in itself, prove negligence in the defendant.

Which the said justice charged.

*Fifth.* That the burden of proof is on the plaintiff to establish negligence on the defendant, and freedom from it on her part.

Which the said justice charged.

*Sixth.* If the evidence in the case is equally balanced on the question of negligence in the defendant and plaintiff, the defendant is entitled to a verdict.

Which the said justice refused so to charge, and defendant's counsel duly excepted to such refusal; but the said justice charged that when the evidence was, in the estimation of the jury, nearly balanced, that a preponderance of evidence, however slight, was sufficient to turn the scale of justice in favor of the party in whose behalf such preponderance was found, to which qualification defendant's counsel excepted.

*Seventh.* If the evidence in the case is equally consistent with the absence of as with the existence of negligence in the defendant, the plaintiff cannot recover.

Which the said justice refused to charge, and defendant's counsel duly excepted to such refusal.

*Eighth.* That from the place of plaintiff's residence, and her custom of going up and down in the Eighth avenue cars, that the jury have a right to presume that she was acquainted with the rate of speed at which vehicles and sleighs were accustomed to travel on that part of the Eighth avenue.

Which the said justice refused to charge, and defendant's counsel duly excepted to such refusal.

*Ninth.* That on leaving the car to cross to the sidewalk, she was bound to look up and down to see if there were any approaching vehicles, and if she neglected so to do she was guilty of negligence, and defendant is entitled to a verdict.

Which the said justice charged.

*Tenth.* If, at the time she left the car, she either saw or could have seen defendant's and the other sleigh approaching, and if, from their position at that time, with their then rate of speed, there was danger to be apprehended of her not being able to cross safely to the sidewalk from the car, that the attempt to do so was an act of negligence which deprives her of her right to recover in this action.

Which the said justice charged.

*T. C. T. Buckley* for the appellant. Plaintiff's contributory negligence was such that it would prevent a recovery, and the motion for a nonsuit should have been granted.

(*Barker* v. *Savage,* 45 N. Y., 193, 194; *Madden* v. *C. R. R. Co.,* 47 id., 665; *Gonzales* v. *H. R. R. Co.,* 38 id., 440, 443; *Wilcox* v. *R. W. and O. R. R. Co.,* 39 id., 358; *Baxter* v. *T. and B. R. R. Co.,* 41 id., 504; *Van Schaick* v. *H. R. R. R. Co.,* 43 id., 528.) Balanced testimony on a question of negligence does not entitle plaintiff, but defendant, to a verdict. (*Wilds* v. *H. R. R. R. Co.,* 24 N. Y., 432; *Grippen* v. *N. Y. C. R. R. Co.,* 40 id., 51; *Welling* v. *Judge,* 40 Barb., 204, 210, 211; *Withers* v. *North Kent R. R. Co.,* 3 H. & N., 969; *Colton* v. *Wood,* 8 C. B. [N. S.], 568; *Toomey* v. *Lond. and B. R. R. Co.,* 3 J. J. Scott [N. S.], 146.) Plaintiff's knowledge of the accustomed rate of speed at which vehicles and sleighs traveled in this locality was proper to go to the jury. (*Grippen* v. *N. Y. C. R. R. Co.,* 40 N. Y., 51.) The evidence, as to the treatment of plaintiff, was improperly excluded. (*Erben* v. *Lorillard,* 19 N. Y., 299; *Meyer* v. *Clark,* 45 id., 285.)

*F. Smyth* for the respondent. To warrant the granting of the motion for a nonsuit, there must be a preponderance of evidence that plaintiff was guilty of contributory negligence. (*Baxter* v. *T. and B. R. R. Co.,* 41 N. Y., 503.) The court properly charged that, to entitle plaintiff to recover, the injury must have resulted solely from defendant's negligence. (*Griffin* v. *N. Y. C. R. R. Co.,* 40 N. Y., 35; *Gonzales* v. *N. Y. and H. R. R. Co.,* 38 id., 440; *Wilds* v. *H. R. R. R. Co.,* 24 id.,     *Ernst* v. *H. R. R. R. Co.,* 35 id., 9; *Fero* v. *Buff. R. R. Co.,* 22 id., 213; *Halsey* v. *Earle,* 30 id., 210.) The judge properly refused to charge that, if the evidence in the case is equally consistent with the absence of as with the existence of negligence in the defendant, the plaintiff cannot recover. (*Kernan* v. *Rochelean,* 6 Bosw., 148; *Bedell* v. *Com'l Ins. Co.,* 3 id., 147; *Holbrook* v. *U. and S. R. R. Co.,* 2 Kern., 237; *Decker* v. *Mathews,* id., 313.) Plaintiff had a right to presume that persons driving on the highway would so drive as to keep their horses under control. (*Mangam* v. *Brooklyn R. R. Co.,* 38 N. Y., 455.)

Reynolds, C.   The case made at the trial was not one which the judge was at liberty to withhold from the consideration of the jury, and the motion to dismiss the complaint was properly denied.   That the defendant was driving his team in a public thoroughfare at a very reckless and dangerous rate of speed cannot be denied, and no attempt is made to justify or excuse it, and none, in fact, could properly have been made.   The motion to dismiss the complaint was therefore grounded upon the allegation that the negligence of the plaintiff contributed to the injury.   In such a case the rule is quite well settled that the evidence must present a state of facts from which only a single inference can be properly drawn, and that is, that the plaintiff was guilty of negligence, as a necessary conclusion of law, which caused or contributed to the injury complained of.   It is very obvious that this is no such case, and it is doubtful, in any aspect, if any want of care is chargeable to the plaintiff.   The jury found there was none, and we think the evidence justified the finding. The plaintiff alighted from the car at the terminus of the Eighth Avenue railroad, at One Hundred and Twenty-fifth street, and attempted to make her way to the sidewalk, a distance of a little over twenty-two feet.   On descending from the steps of the car she looked in either direction—saw vehicles going each way, but none within a block, and before she had passed a quarter of the distance to the sidewalk she was struck by the defendant's team, and received the injury for which redress in damages is sought.   It is by no means unlikely that the team of the defendant was not seen by the plaintiff when she left the Eighth Avenue car, for it turned into the avenue under full headway, in a race with a rival vehicle, at or about One Hundred and Twenty-first street, and if she had seen it among the various teams on the avenue she could hardly have estimated the rate of speed of the defendant.   She was not chargeable with notice that this locality was one where gentlemen tested the speed of their fine horses, or bound to guard herself, without notice or knowledge, against injury from the wrongful act of the

defendant. She had a perfect right to pass from the car to the sidewalk, and being in a public thoroughfare she was at liberty to assume that her rights would not be wrongfully invaded. It was plainly for the jury to say whether, under the circumstances, she used all the care that a prudent person should have exercised.

No exception was taken by counsel for the defendant to any portion of the charge of the judge to the jury. We think the charge was entirely correct, and in this view the counsel for the defendant concurs.

The jury had been properly instructed that, to entitle the plaintiff to recover, the injury must have resulted solely from the negligence of the defendant, and if the negligence of the plaintiff, in any way, contributed to it, she was not entitled to recover. This direction was most unquestionably correct, and gave the jury a clear and distinct definition of their duty. The counsel for the defendant requested the judge to charge that, if the evidence was equally balanced on the question of negligence in the defendant and plaintiff, the defendant was entitled to the verdict; and again, in the same connection, that if the evidence was equally consistent with the absence of as with the existence of negligence in the defendant, the plaintiff could not recover.

The jury had before been properly instructed in respect to everything necessary to a proper disposition of the case. The judge was under no obligation to submit to the jury abstract propositions of law for their consideration. It was sufficient that the present case, upon the law and evidence, was properly submitted to their judgment. Under the charge, as assented to, the plaintiff could not have recovered, unless the jury found that the negligence of the defendant solely caused the injury, and that no negligence of the plaintiff in any way contributed to it. The proposition of equally balanced evidence presents a mere abstraction. The courts have not the capacity, and cannot detect any mathematical equality or exact balance of evidence to be committed to a jury or ascertained by them. The law is not one of the exact sciences, and the

evidence in a given cause is not capable of division and sub-division in mathematical proportions. The learned judge did say that when the evidence, in the estimation of the jury, was nearly balanced, a slight preponderance of evidence was sufficient to turn the scale in favor of the party where such preponderance was found. The jury had before been fully instructed that the burden of proof was upon the plaintiff to show the negligence of the defendant, and that the want of care of the plaintiff did not in any way contribute to the injury. This was all, I think, that the judge was required to do; and there must be, in the trial of a cause at circuit, a period of time when a circuit judge may properly decline to entertain any further application from either party to give further instructions to a jury, and that period is ordinarily reached when, after the close of the evidence in a cause, the jury have been properly instructed upon every question material to the disposition of the case, and I think that point was reached, in this case, when the charge of the judge had been concluded, to which neither party took any exception.

The propositions of the counsel for the defendant, which we have been considering, were, after all, nothing more than an attempted minute amplification of the charge as it had been given. To say that if the testimony on the question of negligence was equally balanced the plaintiff cannot recover, is really saying nothing more than if the plaintiff (having that burden) did not make out her case to the satisfaction of the jury, the verdict ought to be for the defendant; and the same idea is suggested when it is urged that if the evidence is equally consistent with a verdict either way on the question of negligence, the plaintiff could not recover.

It may also be suggested that these propositions involved an assumption that the evidence of negligence was equally or nearly balanced, and I find nothing in the case giving any support to such a position.

While in cases of this character it is incumbent on the plain-tiff to show that the injury was caused by the negligence of the defendant, to which the plaintiff in no way contributed,

the rule in respect to any contributory negligence of the plaintiff is satisfied, if it appear from the whole case that the plaintiff was not chargeable with any want of care. (2 Redfield on Railways [4th ed.], 236; *Johnson* v. *The Hudson River R. R. Co.,* 20 N. Y. R., 65.)

It is scarcely necessary to say that the request of the judge to charge the jury that, from the locality of the residence of the plaintiff, and her custom of going up and down Eighth avenue, the jury might presume that she was acquainted with the rate of speed employed by the drivers of vehicles on that part of the avenue, was properly refused. It could not be a proper direction in any case; and to give it any point in this, the jury must have presumed that the plaintiff, when she left the car, knew the defendant was coming upon her at a fearful pace, which is quite absurd.

I find no error in rejecting evidence on the trial, and the judgment must be affirmed, with costs.

All concur.

Judgment affirmed.