McAdam, J.
“John Potter, - a car inspector in the defendant’s employ, was inspecting certain of its cars when a train of other cars propelled by two engines suddenly switched backward on to the middle track, pushing together the cars between which he was at work, crushing him to death. He had no warning. The court sent the question of negligence to the jury, and they awarded his widow and administratrix $5,000 damages. The defendant insists it was error not to nonsuit the plaintiff, and cites Besel v. N. Y. C. & H. R. R. R. Co., 70 N. Y., 171, to sustain its claim. Whether the defendant performed its duty to its employee was, on the evidence, and the inference to be drawn from it, a question for the jury. Abel v. D. & H. C. Co., 103 N. Y., 581; S. C., 128 Ib., 662. The jury were properly instructed as to the law, and their verdict on the fact is sufficiently supported by the proofs. True, it was incumbent on the plaintiff to show affirmatively that the negligence of the defendant was the sole cause of death. But- it was unnecessary to do this by positive and direct evidence of negligence of the defendant, and of freedom from negligence of the deceased. The proofs may be indirect, and the evidence had, by showing circumstances from which the inference is fairly and logically to he drawn, that these essential facts existed. When, from the circumstances shown, inferences are to he drawn which are not certain and incontrovertible and may be differently made by different minds, the question is one for the jury. See note to 39 Am. R. at p. 513; Hays v. Miller, 70 N. Y., 112; Powell v. Powell, 71 Ib., 71; Hart v. H. R. B. Co., 80 Ib., 622; Ochsenbein v. Shapley, 85 Ib., 224. The inferences to be drawn from the evidence were sufficient to warrant the jury in finding that the defendant had not given reasonable protection to its employee while in the performance of his work, and that its breach of duty and negligence resulted in his death. The motion *353 for a new trial must be denied. Forty days’ stay of execution after notice of entry of judgment, and a like time to make a case.”
Frank Loomis, attorney, and D. W. Tears of counsel, for appellant, argued :—
I. The court erred in refusing to dismiss the complaint or direct a verdict for the defendant. (a) The plaintiff failed to sustain the burden resting upon her of showing that the accident was due to the negligence of the defendant. In an action against a master by a servant, to recover for an injury received by the servant, in the course of his employment, the plaintiff must allege and prove that the injury was caused by the default of the master as to some duty due from the master as such to the servant. The plaintiff cannot recover if it appear that the injury was caused or contributed to by his own negligence or by the negligence of a fellow-servant, or if it appear that the injury may have been due either to the negligence of the master or of the plaintiff or of a fellow-servant. Rose v. B. A. R. R. Co., 58 N. Y., 217, 222. In this case, if in the usual course of business of the defendant, no provision was made for the protection of the car-inspector who went temporarily between the cars, and that course of business was known to the plaintiff’s intestate (and from his length of service, it must be presumed that it would be known to him), he took the risk and his representative cannot recover. A method of protection in use among railroads is referred to in Abel v. D. & H. C. Co., 103 N. Y.,581; S. C., 128 Ib., 662 (the case upon the authority of which the court denied the motion to set aside the verdict and grant a new trial), that-is to say, the putting out of some kind of signal when the car-inspector is between or under cars ; and the railroad company is considered to have discharged its duty when it has provided and promulgated *354 suitable rules upon this subject. But the failure or omission of the railroad company in this respect must be alleged and proved; and in the absence of any allegation or proof upon the subject, it must be presumed that this defendant had provided similar rules or some method other than having a brakeman on top of the cars to guard against such an accident as happened to the plaintiff’s intestate, and that the failure to employ such rules or other method was due to the negligence of the plaintiff’s intestate or of a fellow-servant. Rose v. B. & A. R. R. Co., supra. Johnson, J., at p. 221: “ It does not appear . . . whether any regulations on. the subject, either by a prescribed time-table or otherwise, had been made by the company. But it is obvious that the company may have prescribed proper and safe rules in respect to the starting of these trains, and that those rules may have been disregarded by the persons who actually started these trains so near together.” It will be observed furthermore that in the Abel case the plaintiff alleged as the ground of negligence that the defendant had failed to make suitable rules for the protection of car-inspectors; and the cause of action was made out by showing that the defendant had failed to make a certain rule on the subject, in force on the railroad of the defendant in the case at bar. Abel v. D. & H. C. Co., supra. It may be assumed, therefore, that if, in the case at bar, the plaintiff had alleged as the negligence of the defendant giving her a right to recover, a failure to make suitable rules and regulations, the defendant would have been prepared to introduce and prove its rule which was proven by the plaintiff in the Abel case and commented upon by the court as being “ certainly a very efficient rule.” The plaintiff, in her complaint, charges liability upon the defendant solely for the omission to have a flagman on the top of the moving, cars, to signal the engineer to stop because of other cars upon the same track; but when it appeared on the trial, *355 that the colliding cars were detached from the engine, this theory of liability was necessarily abandoned and the plaintiff, apparently, and properly assuming that if there had been a brakeman on top of the moving cars, he would have controlled the movement so as to prevent the contact with the stationary cars, or so that the contact would have resulted in no injury to the plaintiff’s intestate, sought to hold the defendant liable upon the allegation that there was no such brakeman on the moving cars. It is difficult to see the force of this theory, because if there were a brakeman at the west end of the moving cars, he could not have seen the deceased or known that he was between the cars. At all events, this theory of liability cannot stand, because it selects only one of various methods by which the plaintiff’s intestate might have been protected. Rose v. B. & A. R. R. Co., supra. This theory cannot stand, even if it were correct in principle, because it does not appear that it was the duty of the defendant to place a man on top of these cars for the purpose of giving warning, or that a man so stationed could have given warning to persons between cars whom he could not see, or that it was customary on the defendant’s or other railroads to do so, and because it does appear that a sufficient number of men were provided by the master for the movement and control of these cars for one of them to have been on top of the moving cars, and to have acted in the only way in which his action would be proper, that is, by applying the brakes. Besel v. N. Y. C. & H. R. R. R. Co., 70 N. Y., 171; Berrigan v. N. Y., L. E. & W. R. R. Co., 42 N. Y. St. Rep., 858. It also appears without dispute that there was a brakeman on top of the moving cars at the time they were “ kicked off ” from the train; and there being no allegation of impropriety on the part of the defendánt in the employment of this man or in his continuance in employment, his failure to act as the plaintiff’s testimony might be deemed to tend to *356 show, was the negligence of a fellow-servant, the misjudgment of a fellow-servant, on account of which no recovery can be had. Besel v. N. Y. C. & H. R. R. R. Co., supra; Berrigan v. N. Y., L. E. & W. R. R. Co., supra ; (5) If from any view of the testimony it could have been found by the jury that the brakeman was not on the kicked cars at the time of the collision, or was not on them at all, yet the defendant cannot be held liable because the testimony shows without contradiction, or the possibility of a contradictory inference, that a brakeman to render the service had been employed, and was present in the yard at the time of the occurrence, with the duty of being upon, and regulating by the application of the brake, the movement of these cars. Reichel v. N. Y. C. &. H. R. R. R. Co., 130 N. Y., 682. (c) The plaintiff failed to show that the deceased himself was free from negligence contributing to his death. On the contrary, it appeared without dispute that the deceased did contribute to his death by going in between the cars. The cars were found to be defective before he went in between them; and it was undisputed that his duties did not require his going in between the cars; that this inspection should have been made from the outside, and that in the course of the defendant’s business, no notice would be given to him of approaching cars if he went between the standing cars under such circumstances. Lacroy v. N. Y., L. E. & W. R. R. Co., 43 N. Y. St. Rep., 711. If, for any reason, he deemed it necessary to go between the cars, he was negligent in not first stationing his fellow inspector, Lanigan, as a lookout, or putting out a blue flag.
II. The court erred in its refusal to charge as requested by the defendant, and in its modification of those requests.
Abram Kling, attorney and of counsel, for respondent, argued:—
I. The law imposes upon a railroad company the duty *357 to its employees to protect them from injury, and the failure so to do is a negligence for. which they are liable. First.—It was established hy the plaintiff on the trial that the plaintiff’s intestate was in the employment of the defendant on the 20th of April, 1891, as an inspector of cars, and while thus engaged in the performance of his duties in the inspection of two cars on a side-track upon which were stored these cars which he was inspecting pursuant to the directions of his master, the defendant switched or kicked two cars upon this track, and which collided with the two cars between which the intestate was at work. Said cars so switched or kicked upon this track had no brakeman or employee upon them so as to control or stop them, and by reason of the defendant’s negligence in failing to place brakemen upon these cars they collided with the cars between which the intestate was so engaged, telescoping the cars and causing the decedent’s death. The failure of the defendant to surround the intestate with such safeguards as was necessary for his protection while in the defendant’s employment, or by placing brakemen upon these cars, or giving him notice of their intention to “ kick ” or switch these cars upon the storage track, was negligence for which the defendant was liable. In McGovern v. The Central Vermont Railroad Company, 123 N. Y., 281, the court said : “ It is the duty of the master having control of the times, places and conditions under which the servant is required to labor to guard him against probable danger in all cases in which that may be done by the exercise of reasonable caution. The master is required to furnish the servant adequate and suitable tools and implements for his use, a safe and proper place in which to prosecute his work, and when they are needed, the employment of skillful and competent workmen to direct his labor and the performance of his duties.”' It has been held, “ That reasonable care on the part of a servant in the performance of his work *358 pre-supposes the performance by the master of his duty to do all that reasonably lies within his power to protect the servant while so engaged. When directing the performance of work by the servant in a place which may become dangerous arid such danger may be foreseen and guarded against by the exercise of reasonable care and prudence on the part of the master, it is his duty to exercise such care and adopt such precautions as will protect the servant from avoidable danger. ' This is the master’s duty, and however he may choose to exercise it, whether through the supervision of a superintendent or some lower grade of employment, it still continues his duty, and not until he shows that it has been properly performed can he claim exemption from liability for injuries occasioned by its non-performance.” Second.—In this case the defendant admitted that it owed a duty to the intestate to protect him by the presence of a brakeman upon the moving car; for it requested the court to charge the jury as follows : Defendant’s counsel: I ask your Honor to charge, “ that under the pleadings and proof in this case, the defendant was under no obligation to protect the deceased, except by the presence of a brakeman on the moving cars.” It became a question of fact under the pleadings and proof whether the defendant did protect the deceased by the presence of a brakeman upon the moving car. The jury found in favor of the plaintiff upon this issue, and their verdict is conclusive. Third.—The evidence in behalf of the defendant, that they had a brakeman upon the moving cars which collided with the two cars between which the intestate was at work, was false, for if such brakeman had been upon said moving cars, they would not have been destroyed by reason of the collision, as shown by the testimony of plaintiff’s witness; and it is most conclusively established by the fact that the brakeman alleged to have been upon these cars was never called as a witness in behalf of the defendant.
*359 II. The defendant’s requests to charge to which exceptions were taken are untenable. First.—The request to charge that if the jury believe that the two moving cars were in charge of a brakeman on the cars, the verdict must be for the defendant, wras properly refused. The court said : “ I will charge that if this corporation entrusted the management to the charge of competent brakemen and the fault was theirs, the company is not liable. If the company failed in that duty they may be guilty of an act of negligence, and I will leave the question of negligence entirely to you.” If the master performs his full duty in the employment of competent servants, and uses every reasonable safeguard which the exigencies of the case call for, and the servant fails to perform the duty, it is a neglect of a fellow-workman for which the master is not liable. In Coppins v. The New York Central and Hudson River Railroad Company, 122 N. Y., 557, the court held: “ That a railroad company owes to its employees the duty of employing, so far as it can with reasonable care, only competent men in the management of its road; ” and upon the well settled rules of law, the court properly refused to charge the request, as a competent brakeman was essential to allow the defendant to escape from liability. Second. —The request to charge that if the accident was caused by the absence of a brakeman upon the moving cars, the verdict must be for the defendant, provided a brakeman was employed by the defendant and was present in the yard at the time of the accident, was properly refused for the following reasons: (1) The defendant had already requested the court to charge that under the pleadings and proof in this case the defendant was under no obligation to protect the deceased, except by the presence of a brakeman upon the moving car. And the defendant now desired the court to charge a proposition the reverse of the one already requested and inconsistent with it, so that the court should stultify itself by charging that if *360 the accident was caused by absence of a brakeman upon the moving cars the company was not liable. No court will allow a litigant to present a request to be submitted to a jury when the same is inconsistent with a proposition already submitted for the consideration of the jury by the same party in that action. Such procedure, rf allowed, would tend to bring the administration of justice in contempt by having the court instruct a jury at a request of the party in two different ways upon the same question. (2) This request to charge was properly refused, as it was an abstract proposition unsupported by the evidence. It was the defendant’s defence, that they had a brakeman on this car which caused the death of the decedent, and whether the brakeman was in the yard or not, had nothing to do with the question before the jury. A court is not bound to submit a mere abstract proposition to a jury. Moody v. Osgood, 54 N. Y., 488; Hine v. Bowe, 114 Ib., 350. (3) The court properly refused to charge this request: “ That if the accident was caused by the absence of a brakeman upon the moving cars, the verdict must be for the defendant, provided a brakeman was employed by the defendant and was present in the yard at the time of the accident, for the reason that the employment of brakemen by the defendant and not connected with the train or cars which was switched or kicked upon the storage track, would not screen the defendant from liability.” It will be observed that the court stated to counsel: That if the company employed a brakeman connected with this car, and he failed in his duty, the company was not liable. But the mere employment of a brakeman without the exercise of such care and adoption of such precautions in switching these cars as would protect employees working upon the road, was negligence for which it was liable. If the defendant fails to place brakemen upon its cars which they are switching from track to track, the fact that they have employed brakemen in their yard would have *361 no more effect in protecting them from liability than if they were employed to work in the city of Buffalo.
Per Curiam.
For the reasons set forth in the opinion of the court below, the judgment and order appealed from are affirmed, with costs.