## McLAUGHLIN *v.* O'TOOLE.

*(Common Pleas of New York City and County, General Term.* November 7, 1892.)

APPEAL—WEIGHT OF EVIDENCE—TRIAL BY COURT.

> Where a cause is tried by the court without a jury, its finding of facts will not be reviewed except in cases of palpable injustice.

Appeal from eleventh district court.

Action by James McLaughlin against James O'Toole. Judgment for plaintiff. Defendant appeals. Affirmed.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

*Lawrence P. Mingey,* for appellant. *James A. O'Gorman,* for respondent.

BISCHOFF, J. The action having been tried before the justice below without a jury, his determination of the facts, except in the case of palpable injustice, is conclusive upon appeal. *Weiss* v. *Strauss,* (Com. Pl. N. Y.) 14 N. Y. Supp. 776. An examination of the testimony adduced on the trial discloses ample evidence to support plaintiff's recovery, and we are unable to say that the justice erred in accepting the facts sworn to by plaintiff and his witnesses as against the denial of them for the defense. Some of the evidence introduced for plaintiff ought unquestionably to have been excluded under proper objection, but as none was made defendant should not now be heard to complain of its incompetency. *Cohn* v. *Goldman,* 76 N. Y. 284; *Mead* v. *Shea,* 92 N. Y. 122; *Coates* v. *Bank,* 91 N. Y. 20, 31. Assuming with the defense that the chimney breasts, which constitute the subject-matter of the counterclaim, were not part of the party wall referred to in the agreement in evidence, plaintiff's liability to pay one half the expense incurred therefor rested entirely upon his alleged promise to pay. Such a promise was testified to by the defendant, and, though it may not have been directly denied by the plaintiff, a sufficient conflict of evidence arose in respect to it by plaintiff's version of the interview at which defendant alleged it was made, and which version differed essentially from the one appearing from defendant's testimony, to make the determination below conclusive as a controverted question of fact. Again, defendant's testimony was subject to discredit, though not otherwise impeached, as that of a party in interest, (*Elwood* v. *Telegraph Co.,* 45 N. Y. 549; *Gildersleeve* v. *Landon,* 73 N. Y. 609; *Honegger* v. *Wettstein,* 94 N. Y. 252; *Kavanagh* v. *Wilson,* 70 N. Y. 177; *Bank* v. *Diefendorf,* 123 N. Y. 191, 200, 25 N. E. Rep. 402;) and as the trial justice had the advantage of personal observation of the witness while under examination, by which he may have been properly influenced in measuring the degree of credibility which should be attributed to the testimony, (*Baird* v.

*Mayor, etc.*, 96 N. Y. 567, 576,) defendant cannot be said to have sustained the burden of showing that the rejection of the counterclaim was error, (*Tracey* v. *Altmeyer*, 46 N. Y. 598, 604; *Appleby* v. *Bank*, 62 N. Y. 12, 18; *Carman* v. *Pultz*, 21 N. Y. 547; *Briant* v. *Trimmer*, 47 N. Y. 96.)    The judgment should be affirmed.

Judgment affirmed, with costs.    All concur.