(6 Misc. Rep. 62.)

WACHSMANN et al. v. COLUMBIA BANK OF CITY OF NEW YORK.

(City Court of New York, General Term. November 29, 1893.)

BANKS AND BANKING—DUTY OF DEPOSITOR TO EXAMINE CANCELED CHECKS.
    A depositor owes no duty to a bank to examine his pass book or canceled checks with a view to the detection of forgeries.

Appeal from trial term.

Action by Siegmund Wachsmann and Nathan Federgreen against the Columbia Bank of the City of New York to recover $1,854.62, balance alleged to be due by defendant on a deposit account which plaintiff maintained in defendant's bank. From a judgment entered on a verdict in favor of plaintiff for $1,886.51, and from an order denying a motion for a new trial, defendant appeals. Affirmed.

The charge of the court, and the refusals to charge, are as follows:

"Gentlemen of the Jury: In this case it is conceded that the plaintiffs, from the time they opened their account with the Columbia Bank, deposited $19,853.62; and it is claimed by them that, having only drawn out $18,050.31, there is a balance of $1,803.31, for which sum, together with the interest thereon, $63.20, they bring this action,—$1,866.51 in all. The defendants concede that that amount has been deposited, but contend that Wachsmann & Company have drawn out $19,822.27, instead of $18,050.31, and they make up that amount by charging the plaintiff with three checks,—one, of October 24th, for $700; another, of August 18th, for $493; and a third one, of August 7th, for $578.96; in all, $1,771.96. They charge that Wachsmann & Company have drawn that sum from their account upon these three checks. The only question, therefore, for you to determine, is whether the plaintiffs drew out the amount of these three checks. If they drew them, or ordered one who did, or if they drew a draft on the bank, and it was the genuine signature of either one of the gentlemen making up that firm, of course they cannot recover except for the balance of $31 and some cents, which is due them, as defendants concede. On the other hand, should you find that Wachsmann & Company never signed these three checks, your verdict must be for plaintiffs for the full amount claimed."

Defendant's counsel asks the court to charge that plaintiffs are estopped from objecting to the correctness of the voucher slips, which contain, on their face, the evidence of two checks,—one of August 18th, for $493, and one of August 30th, for $578,96,—or to the correctness of the balance of September 24, 1892, as appears by the pass book. The plaintiffs accepted the account as correct and without objection, and for that reason they cannot recover for these two checks. "The Court: I decline to charge as requested." Exception. Defendant asks the court to charge that the plaintiffs, by their course of conduct, had put it in the power of Kyle, their bookkeeper, to perpetrate the forgery, (if the checks were forged,) and the plaintiffs' own negligence estops them from the right to recover in this action, and the jury must find a verdict in favor of the defendant. "The Court: I decline to charge as requested." Defendant excepts.

Argued before NEWBURGER and McCARTHY, JJ.

Adolph L. Sanger, for appellant.
David Leventritt, for respondents.

McCARTHY, J. Two questions arise on this appeal from the facts in this case,—one of estoppel, and the other of negligence. It seems to us, from an examination of the authorities, and their application to the facts in this case, they must be held adversely to the appellant. Weisser v. Denison, 10 N. Y. 68, which has been approved in all the cases, seems to us to meet all the objections presented by the appellant. Allen, J., in this case, at page 75, says:

"The jury, by their verdict, pronounced the checks upon which the money in dispute was paid, to be forgeries; and it was not claimed that the intestate, Weisser, after he had personal knowledge of the facts, did any act by which he made them his own. After the forgeries were discovered by him, he did not in any manner recognize Harlin, the forger, as his agent for drawing the checks. The original payment of the checks by the bank was in their own

wrong, and, if paid to an innocent holder, the money could not be recovered back. Price v. Neal, 3 Burrows, 1354; Goddard v. Bank, 4 N. Y. 147; Bank of Commerce v. Union Bank, 3 N. Y. 230. The defense in the action is based upon the alleged negligence of Weisser in omitting to examine his bank book after it had been settled and balanced by the bank, and returned with the canceled vouchers, and to compare them with his book, by which the forgeries might have been earlier detected."

A depositor owes no duty to a bank requiring him to examine his pass book or returned checks with a view to the detection of forgeries. He has a right to assume that the bank, before paying his checks, will ascertain the genuineness of the indorsements. The rule that notice to an agent is notice to his principal is only applicable to cases where the agent is acting in the course of his employment. An account stated may be impeached by evidence of fraud or mistake, (see Welsh v. Bank, 73 N. Y. 424, 426--429;) and this is fully sustained in Shipman v. Bank, 126 N. Y. 318--329, 27 N. E. 371. There is no evidence that the bookkeeper employed was not a competent person, or that the plaintiff did not act in good faith. The case of Bank v. Morgan, 117 U. S. 96--122, 6 Sup. Ct. 657, is not in point, and does not disapprove of Weisser v. Denison, for Justice Harlan, after commenting on the authorities, says:

"We must not be understood as holding that the examination by the depositor of his account must be so close and thorough as to exclude the possibility of any error whatever being overlooked by him. Nor do we mean to hold that the depositor is wanting in proper care when he imposes upon some competent person the duty of making that examination, and giving timely notice to the bank of objections to the account. If the examination is made by such an agent or clerk in good faith, and with ordinary diligence, and due notice given of any error in the account, the depositor discharged his duty to the bank. But when, as in this case, the agent commits the forgeries which misled the bank and injured the depositor and therefore has an interest in concealing the facts, the principal occupies no better position than he would have done had no one been designated by him to make the required examination, and without at least showing that he exercised reasonable diligence in supervising the conduct of the agent while the latter was discharging the trust committed to his care. In the absence of such supervision, the mere designation of an agent to discharge a duty resting primarily upon the principal cannot be deemed the equivalent of performance of the latter. While no rule can be laid down that will cover every transaction between a bank and its depositor, it is sufficient to say that the latter's duty is discharged when he exercises such diligence as is required by the circumstances of the particular case, including the relations of the parties, and the established or known usages of banking business."

The appeal can only be determined upon the evidence and case presented. The trial justice, it seems to us, was correct in his refusal to charge as requested by the appellant's counsel. The first request was clearly erroneous, and the second was asking the court to determine a question of fact, which it had no right to do. This request was decidedly too sweeping. If the appellant desired the questions of negligence to be presented, it was his duty to request the same in clear and specific charges; but this he did not do, and must therefore suffer the consequences. But we think, following the authorities cited, there was no real evidence of any negligence on the part of the plaintiff. Moody v. Osgood, 54 N. Y. 488. Judgment should be affirmed, with costs.