(11 Misc. Rep. 420.)     JONES v. PALUMBO.

(Common Pleas of New York City and County, General Term. February 4, 1895.)

APPEAL—WEIGHT OF EVIDENCE.
   A finding by the trial justice on conflicting evidence will not be disturbed on appeal.

Appeal from Fifth district court.

Action by George H. Jones against Theodore Palumbo to recover a balance alleged to be due plaintiff for work, labor, services, and materials furnished as a plumber. The pleadings were oral, and the defenses pleaded were a general denial, payment, and nonjoinder of parties defendant. From a judgment in favor of plaintiff, rendered by the justice without a jury, defendant appeals. Affirmed.

Argued before BOOKSTAVER, BISCHOFF, and GIEGERICH, JJ.

Scott Lord, for appellant.

Jacob Levy, for respondent.

GIEGERICH, J. The defendant seeks a reversal of the judgment solely upon the facts, there being no error of law charged. The main question litigated upon the trial was whether the work was done for the defendant, or for the partnership of which he claims to have been a member. The plaintiff testified that about July, 1892, the defendant ordered the work to be done; and that the services and materials were rendered and furnished during a period from July, 1892, to February, 1893; and that the bill amounted to $170.77, upon which $51 was paid on account, leaving a balance due of $119.77. The plaintiff further testified that, after the work was completed, the defendant came to his office; and after some conversation, in the presence of Mr. Lewis, his bookkeeper, to the effect that he did not know anything about the defendant having a partner, and that he would not accept him, and after defendant had made a payment of $51 on account, the plaintiff caused his bookkeeper to make out a bill addressed to Palumbo & Jordano, at the request of the defendant (which bill defendant offered in evidence), and that the defendant promised to pay the balance of the bill within a short space of time. The plaintiff's testimony was corroborated by his bookkeeper, Mr. Alexander Lewis. The defendant was the only witness for the defense. He testified that one Vicinzo Jordano was his partner, and joint owner of the premises upon which the work was done from July, 1893, to March, 1894; that they sold such premises on May 1st; that they each gave directions as to the work; that he never requested plaintiff's bookkeeper to make out a bill in the name of the firm; that he made the payment on account upon February 17, 1893; that he received the said bill one or two days after its date,—February 17, 1893. He also testified that he was in plaintiff's office on this date, and said to him:

" 'Mr. Jones, the house, I suppose, is sold, because we signed an agreement. I am a partner in that house, and I will give you my partner's address. I want to pay my share, because I don't want trouble.' And he agreed to take my share $51 and some cents, and gave a receipt for that."

It will be observed that the amount of the bill was originally $170.77, and that defendant was in error when he testified his share amounted to the sum above stated. It is also manifest, if the testimony of the defendant that from July, 1893, to March, 1894, he was a partner of and joint owner with Jordano of said premises, is true, that the liability of the defendant is conclusively established, as

the bill in question shows that the work was commenced on October 7, 1892, and completed on February 16, 1893; but, if not true, then that fact was undoubtedly considered in connection with the other facts and circumstances of the case by the trial justice, who had the advantage of observing the manner of the defendant while upon the witness stand, was probably influenced by these circumstances in measuring the degree of credibility which should be attributed to his testimony (McLaughlin v. O'Toole, 1 Misc. Rep. 172, 173, 20 N. Y. Supp. 653), and he was justified in finding (as we assume from the judgment he did find) that the work was done solely upon the defendant's individual account and liability. As the determination of these questions is peculiarly within the province of the justice, they are therefore not the subject of review here, the elements justifying such review not appearing in this case. Lynes v. Hickey, 4 Misc. Rep. 522, 24 N. Y. Supp. 731; Weiss v. Strauss (Com. Pl. N. Y.) 14 N. Y. Supp. 776. For the reasons stated, we think the judgment should be affirmed, with costs. All concur.

---

(11 Misc. Rep. 409.)

### TABB v. UNITED ELECTRIC LIGHT & POWER CO.

(Common Pleas of New York City and County, General Term. February 4, 1895.)

APPEAL—WEIGHT OF EVIDENCE.
> A finding by the trial justice on conflicting evidence will not be disturbed on appeal.

Appeal from First district court.

Action by William R. Tabb against the United Electric Light & Power Company to recover for certain advertisements. From a judgment in favor of defendant, rendered by the justice without a jury, plaintiff appeals. Affirmed.

Argued before BOOKSTAVER, BISCHOFF, and GIEGERICH, JJ.

Charles R. Ingraham, for appellant.
Cravath & Houston, for respondent.