JOSEPH ATKINSON et al., Respondents, *v.* TITUS B. TRUESDELL, Appellant.

The meaning of characters, marks, letters, figures, words or phrases used in contracts, having purely a local or technical meaning, unintelligible to persons unacquainted with the business, may be given and explained by parol evidence, if the explanation be consistent with the terms of the contract.

Parol evidence may also be given as to the uniform, continuous and well settled usage and custom pertaining to the matters embraced in the contract, unless such usage or custom contravenes a rule of law, or alters or contradicts expressed or implied terms of the contract which are free from ambiguity.

Plaintiffs entered into a contract with defendant to manufacture, sell and deliver to him a quantity of bottles at prices named, "to be made after September 1st, and to be taken by January 1st, 1883 *. * * on dock in New York." Defendant ordered bottles to be shipped to him from time to time under the contract, up to November 16, 1882, and in answer to a question as to when he wanted more, answered that he was not in need of any then but would want some later. On January 3, 1883, plaintiffs sent defendant a bill for all the bottles not ordered and delivered; this was not paid and defendant refused to take the bottles. Upon the trial of an action to recover the contract price for all the bottles contracted for, plaintiffs were allowed to prove, under objection and exception, by witnesses engaged in and familiar with the glass business, that the words "to be taken by January 1st, 1883," as used in the contract, meant in that business, as the purchaser should from time to time specifically order, and that if not all ordered within the time specified it was the custom for the vendor to forward a bill for the balance, and if the same was paid by the purchaser, to hold the goods in store, subject to his order for a reasonable time thereafter. *Held,* no error.

Also *held,* that under the construction so given to the contract proof of delivery or tender by plaintiffs was not necessary.

The action appeared to be tried upon the theory that all of the goods called for by the contract had been manufactured and were held in store subject to the defendant's order. The amount at the contract price was agreed upon. The court instructed the jury that if they found for plaintiffs their verdict should be for the amount agreed upon. No exception was taken. It was claimed on appeal that the recovery should only have been for the difference between the market value of the goods and the contract price. *Held,* untenable ; that in the absence of an exception raising this question, it was not available.

Reported below, 25 J. & S. 226.

(Argued April 24, 1891; decided June 2, 1891.)

APPEAL from judgment of the General Term of the Superior Court of the city of New York, entered upon an order made June 28, 1889, which affirmed a judgment in favor of plaintiffs entered upon a verdict and affirmed an order denying a motion for a new trial.

This was an action for a breach of contract.

The facts, so far as material, are stated in the opinion.

*James M. Hunt* for appellant. Plaintiffs should not have been permitted to both sell the goods in question to third parties and recover the full contract price from the defendant. (*Dustan* v. *McAndrew*, 44 N. Y. 72; *Mason* v. *Decker*, 72 id. 595; *Hunter* v. *Wetsell*, 34 id. 555.) There can be no recovery without proof of delivery or tender. (*Pope* v. *F. H. C. & M. Co.*, 107 N. Y. 61; Laws of 1882, chap. 410, § 786.) The admission of testimony of the alleged custom or usage in the glass trade, introduced for the purpose of varying the terms of the contract, under the objection and exception of defendant, was erroneous. (*Hopper* v. *Sage*, 112 N. Y. 530; *Englehorn* v. *Reitlinger*, 122 id. 76; *Newhall* v. *Appleton*, 102 id. 134; *Collender* v. *Dinsmore*, 55 id. 200; *Walls* v. *Bailey*, 49 id. 464.) Before defendant could be held liable in an action brought by these plaintiffs upon a contract made with Wm. F. Dorflinger, individually, it must be shown that defendant at the time of making the contract knew or had some reason to believe that the contract then made was made by Dorflinger as agent for these plaintiffs. (*Tuthill* v. *Wilson*, 90 N. Y. 423; *Wright* v. *Cabot*, 49 id. 570.)

*Samuel W. Weiss* for respondents. The evidence establishing that Dorflinger was acting as plaintiffs' agent in making the contract and that plaintiffs were the principals, was properly admitted. (*Nash* v. *Towne*, 5 Wall. 703; 1 Pars. on Cont. [5th ed.] 62; *Hicks* v. *Wetmore*, 12 Wend. 548; *Van Lien* v. *Byrnes*, 1 Hilt. 133; *Henry* v. *Marvin*, 3 E. D. Smith, 71.) The admission of the evidence as to the particular meaning, in the glass trade, of the words "to be taken" was not error. (*Quinby* v. *Strauss*, 90 N. Y. 664; *Ward* v.

*Kilpatrick*, 85 id. 413; *Briggs* v. *Waldron*, 83 id. 582; *Mead* v. *Shea*, 92 id. 122; *Dana* v. *Fiedler*, 12 id. 46; *Walls* v. *Bailey*, 49 id. 469, 470; *Collender* v. *Dinsmore*, 55 id. 205; *Newhall* v. *Appleton*, 114 id. 140; *Smith* v. *Clews*, Id. 190; Whart. on Ev. § 962; *United States* v. *Chicago*, 76 U. S. 54; *B. L. Ins. Co.* v. *Dutcher*, 95 id. 273; *Woolsey* v. *Funke*, 121 N. Y. 92; *French* v. *Carhart*, 1 id. 102.) The evidence of custom was competent upon the general principle that usage of trade enters into every contract made in that trade, and parties are presumed to engage with reference to it and make it part of their contracts. (*Hinton* v. *Locke*, 5 Hill, 437; *Miller* v. *Ins. Co.*, 3 Abb. [N. C.] 470; *Voorhees* v. *Burchard*, 55 N. Y. 98.) The motion to dismiss was properly denied. (*Sterrett* v. *T. N. Bank*, 122 N. Y. 662.) If it be assumed that plaintiffs, by the contract as originally made, were under the obligation of offering the goods to defendant in New York city prior to January 1, 1883, that obligation was waived by the subsequent arrangement made by defendant Foster. (*Moses* v. *Bierling*, 31 N. Y. 463; *Nelson* v. *P. F. P. E. Co.*, 55 id. 480; *Grange* v. *Palmer*, 56 Hun, 481; *Eddy* v. *Davis*, 116 id. 251.) Again, defendant's refusal in March, 1883, after the arrangement with Foster was alluded to, was an absolute waiver of all precedent obligation to tender the goods. (Benjamin on Sales [1st Am. ed.], § 566; *Howard* v. *Daly*, 61 N. Y. 370; *Shaw* v. *R. L. Ins. Co.*, 69 id. 292, 293; *Bogardus* v. *N. Y. L. Ins. Co.*, 101 id. 335, 336; *Blewett* v. *Baker*, 58 id. 613; *Lawrence* v. *Miller*, 86 id. 137.) Defendant, having by the arrangement with Foster, influenced plaintiffs not to bring on the balance of the goods prior to the time of his final refusal, is estopped from claiming that plaintiffs should have brought on the goods. (Herman on Estoppel, §§ 322, 323; *Grange* v. *Palmer*, 56 Hun, 481; *Leslie* v. *L. Ins. Co.*, 63 N. Y. 27; *N. Y. R. Co.* v. *Rothery*, 107 id. 310.) Plaintiffs' right of action must be determined by the facts as they existed when the action was commenced. (*Westfall* v. *Peacock*, 63 Barb. 209.) No exception was taken to the measure of damage laid down in the charge, and it cannot be

reviewed here. (*Coe* v. *Raymond*, 89 N. Y. 612; *S. O. Co.* v. *A. Ins. Co.*, 79 id. 506; *Hayden* v. *DeMets*, 53 id. 426; *Mason* v. *Decker*, 72 id. 595.)

HAIGHT, J.    Plaintiffs were copartners doing business under the name of The Hawley Glass Company, Limited, at Hawley, Pennsylvania.    William F. Dorflinger was their chairman and selling agent.    On the 20th of July, 1882, whilst acting for and on their behalf, he contracted with the defendant to manufacture, sell and deliver to him a large quantity of glass pickle bottles at prices specifically named " to be made after September 1st, and to be taken by January 1st, 1883; terms, sixty days net on dock in New York."    The defendant from time to time ordered bottles under the contract, to be shipped to him, up to the 16th day of November, 1882, after which he ceased to make further orders on the plaintiffs.    Thereafter, Mr. Foster, a clerk in the employment of the plaintiff Dorflinger, asked the defendant when he wanted the glass, who answered that he was not in need of any just then, but that he would want some later.    The plaintiffs on the first of September commenced the manufacture of the bottles and continued the same until some time in December, when they completed all called for by the contract.    On the third day of January they forwarded to the defendant a bill for all of the bottles not previously ordered and delivered to him, amounting to the sum of $2,036.06.    This bill was not paid, and subsequently and in the early part of March, 1883, he refused to take the goods.    Upon the trial the plaintiffs showed from the testimony of persons engaged in and familiar with the glass business, that the words " To be taken by January 1st, 1883," as used in the contract, meant in that business, as the purchaser should, from time to time, specifically order; that if they were not all ordered within the time specified, it was customary to forward a bill for the balance, and, if the same was paid by the purchaser, to then hold the goods in store, subject to his order for a reasonable time thereafter.    This evidence was taken under the exception of the defendant.

The question thus presented has been the subject of frequent consideration by the courts, and the rule may be regarded as well settled, that the meaning of characters, marks, letters, figures, words or phrases used in contracts, having purely a local or technical meaning, unintelligible to persons unacquainted with the business, may be given and explained by parol evidence if the explanation is consistent with the terms of the contract. So, also, parol evidence may be given as to the uniform, continuous and well settled usage and custom pertaining to the matters embraced in the contract, unless such usage and custom contravene a rule of law, or alter or contradict the expressed or implied terms of a contract, free from ambiguity. (*Dana* v. *Fiedler*, 12 N. Y. 40; *Walls* v. *Bailey*, 49 id. 464; *Collender* v. *Dinsmore*, 55 id. 200; *Silberman* v. *Clark*, 96 id. 522; *Newhall* v. *Appleton*, 102 id. 133; *S. C.* 114·id. 140; *Hopper* v. *Sage*, 112 id. 530–535; *Smith* v. *Clews*, 114 id. 190.)

By referring to the contract it will be observed that the goods are to be taken by January 1, 1883, on dock in New York. The particular dock is not specified. The goods in question, being glass, require care in shipping and delivering in order that they may not be damaged by breaking. The bottles were bulky and required much space for storage. Storage in New York being expensive, we are told that it was the custom to order the goods from the manufacturer only as they were wanted for use in the business of the purchaser. Hence the custom, to be taken when called for. There is nothing in the evidence received that can be said to contravene a rule of law, or to contradict the expressed or implied terms of the contract. Under the explanation given as to the usage of the trade, to specifically order the goods from time to time as required by the purchaser, the phrase of the contract " to be taken by January 1st, 1883, on dock in New York " is rendered intelligible and harmonious with the other provisions thereof. The question presented may. be upon the border, but we are inclined to the opinion that the facts bring it within the rule recognizing the evidence as competent.

This evidence was not controverted upon the trial. But, as we have shown, the defendant from time to time, up to the sixteenth day of November, made orders upon the plaintiffs for the goods required by him, thus practically interpreting the contract the same as is contended for by the plaintiffs.

Under the construction given to the contract, proof of delivery or tender by the plaintiffs was not required.

It is now contended that the recovery should only have been for the difference between the market value of the goods and the contract price, but we do not understand this question to be raised by any exceptions in the case. The action appears to have been tried upon the theory that all of the goods called for by the contract had been manufactured and were held in store subject to the order of the defendant. The contract price of the goods was agreed upon, together with the interest that had accrued thereon. The court, in submitting the case to the jury, instructed them that if they found for the plaintiffs their verdict should be for $2,651.86, which was the amount agreed upon, and to this charge no exception was taken.

We have examined the other exceptions taken in the case, but find none that renders a new trial necessary.

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed.