### PUCCI v. BARNEY.

(Common Pleas of New York City and County, General Term. February 6, 1893.)

1. ACTION ON CONTRACT—BURDEN OF PROOF.
　　In an action to recover on a contract under which plaintiff excavated earth and rock from defendant's lots, and which provided that he should be paid for his work on estimates made by a surveyor, where defendant claimed that the estimates so made were incorrect, and that he had overpaid plaintiff, the burden was on defendant to show such fact. 20 N. Y. Supp. 375, affirmed.

2. CUSTOM—WHEN EVIDENCE OF ALLOWED.
　　It was not error to permit plaintiff to prove the custom of surveyors in making allowances to excavators on their being obliged to excavate below the depth mentioned in the contract to reach a level, where such custom was a reasonable one, and known to both parties before entering into the contract.

3. REVIEW ON APPEAL.
　　The appellate court will not, as a rule, review a ruling of the trial court in refusing to allow a mere "offer" by a party to the cause to prove a fact.

4. EVIDENCE—COMPETENCY—MATTERS NOT IN ISSUE.
　　The court properly refused defendant's offer to prove that plaintiff took the material of an old house on the premises, and agreed to allow defendant $150 therefor, where such fact was not alleged in the pleadings, and was not within the issues framed thereby.

Appeal from city court, general term.

Action by Antonio G. Pucci against Charles T. Barney to recover a balance due for services performed by him under a contract with defendant. From a judgment of the general term of the city court (20 N. Y. Supp. 375) affirming a judgment entered on the verdict of a jury in favor of plaintiff, and affirming an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before BOOKSTAVER, BISCHOFF, and PRYOR, JJ.

Arnold & Greene, for appellant.
Ezekiel Fixman, for respondent.

BOOKSTAVER, J. This action was brought to recover the sum of $1,245.20 and interest, which the plaintiff claimed was the balance due to him from the defendant for excavating rock and earth from twelve lots belonging to the defendant, which was done under a written contract providing, among other things, that the "measurements shall be made by Robert A. Serrell, city surveyor, and the payments shall be on his written certificate," and that the defendant would pay for said work at said prices on the certificate of said surveyor. The answer denied that the plaintiff excavated the amount claimed, and alleged that the amount of

rock excavated under the contract did not exceed 9,091 cubic yards, and that the earth excavated did not exceed 5,037 cubic yards, and that the defendant had overpaid the plaintiff for this amount of work, for which he counterclaimed, alleging that the overpayments had been made by reason of the incorrect statements of the surveyor. The plaintiff, on his part, introduced in evidence the certificates of Mr. Serrell, the surveyor named in the contract. As was well stated in the opinion of the court below:

"The serious objections of the appellant on this appeal are based upon the ground that the admission on behalf of plaintiff of the foregoing certificate of the surveyor, made as provided for in the contract, did not throw upon defendant the burden of proving that this certificate was untrue and incorrect, as he had alleged in his answer."

In the case of Wyckoff v. Meyers, 44 N. Y. 145, the court says:

"Where a building contract provides that the last installment shall be paid by the defendant 'when all the work is completely finished, and certified to that effect by the architects' under whose direction the work was to be done, the production of the certificate of the architects is conclusive upon the defendant unless obtained through fraud or mistake."

And in Anderson v. Meislahn, 12 Daly, 149, it was held that, the parties having selected their own umpire, who was to ascertain and determine that the contract had in these respects been complied with, his certificate should be regarded as conclusive and binding upon defendant unless defendant could show that it was obtained by fraud or mistake, or it appears that the contract had not, as a whole, been substantially complied with. See, also, People v. City of Syracuse, 65 Hun, 321, 20 N. Y. Supp. 236. In Dr. Abbott's valuable paper on "The Burden of Proof" (6 Harv. Law. Rev., No. 3) it is said:

"In a number of cases the judges (using general language, though speaking in view of the particular case before them) have said that the burden of proof is always on the plaintiff throughout. It ought to be observed, however, that the burden of proof is on the plaintiff only when he has invited the issue. If the only issue to be tried is one which the defendant has invited, the burden of proof is on the defendant. Thus, if the only defense is a denial, the burden of proof is on the plaintiff. If there is no denial, but an admission, express or implied, of the plaintiff's allegations, and the defense is an affirmative statement of new matter in excuse or discharge, the burden of proof is on the defendant."

And these propositions he fully illustrates and supports in that article. The trial judge, therefore, was fully justified in refusing to charge upon this question as requested by the defendant.

Appellant also contends that the court erred in permitting the plaintiff to prove the custom of surveyors in making allowances to excavators where the excavator is required to excavate below the depth mentioned in the contract to reach a level. This custom was clearly proved, and must have been known to both parties at the time of entering into the contract, and they are presumed to contract in reference to uniform, continuous, and well-settled usage pertaining to the matters as to which they entered into an agreement, where such usage is not in opposition to well-settled principles of law, and is not unreasonable. Walls v. Bailey, 49 N. Y. 464; Sims v. Trust Co., 35 Hun, 533; Ford v. Tirrell, 9 Gray, 401; B rton v. McKelway, 22 N. J. Law, 165; Atkinson

v. Truesdell, 127 N. Y. 230, 27 N. E. Rep. 844; Smith v. Clews, 114 N. Y. 190, 21 N. E. Rep. 160. Every one knows that in excavating soil it cannot be done to the exact line, and nothing more, but that some slope must be allowed for, or there would be danger of the super-incumbent earth falling upon and injuring those doing the work in the excavation. And it is equally clear that in blasting rock, in order to obtain a uniform level, there must be some allowance made for excava-tions beyond the level desired; and where the rock is hard, and runs in seams, some must be loosened beyond the exact line of the property to be excavated, and must be removed, or its loose condition would be a constant menace to those engaged in the work.

The court did not err in refusing to allow the defendant's offer to prove that he had paid the surveyor, Serrell, $100. As stated in Gerard ·v. Cowperthwait, 21 N. Y. Supp. 1092, (handed down herewith,) the court will not, as a rule, review mere offers. The offer, even if we would re-view it, is not broad enough. It does not appear from it that the amount paid was more than the defendant was bound to pay the sur-veyor as his share of the latter's charges. It was not pleaded. Nor was it error ior the court to refuse the defendant's offer to prove that plain-tiff took the material of an old house on the premises, and agreed to al-low defendant $150 for the same. It was a mere offer; it was not al-leged in the pleadings, and was not within the issues framed thereby.

The judgment should be affirmed with costs. All concur.