(8 Misc. Rep. 443.)

### BOAS v. THATCHER CAR & CONST. CO.

(Superior Court of New York City, General Term.    May 7, 1894.)

CONTRACTS—PERFORMANCE—WAIVER OF TIME.

Where the purchaser of goods to be manufactured by the seller requests him, after the time fixed for delivery, to do his utmost to complete the goods, the time of performance specified in the contract is waived.

Action by Melvin E. Boas against the Thatcher Car & Construction Company. The complaint was dismissed on the trial, and plaintiff's exceptions ordered to be heard in the first instance at general term. Sustained.

Argued before SEDGWICK, C. J., and FREEDMAN and McADAM, JJ.

Ambrose G. Todd, for plaintiff.

Titus & Dowling, for defendant.

SEDGWICK, C. J. The action was upon the written contract of the parties. It was made May 5, 1893. The plaintiff agreed to make and deliver to the defendant certain goods, "and to complete them within three weeks' time." The defendant agreed to pay for them a stipulated price, and there is no dispute here as to the amount. On the trial the learned judge dismissed the complaint under plaintiff's exception, and ordered the exceptions taken by plaintiff to be heard in first instance at the general term. The counsel for the parties here argue that the complaint was dismissed solely upon the ground that it appeared that the goods were not delivered within three weeks, and that it does not appear that the defendant had waived the provision as to the time of delivery. The time named in the contract—that is, May 26th—elapsed without delivery. On June 9th the defendant wrote by its officer, "I am much surprised to hear that your people have not got any of the address books ready yet," and, "By giving this your personal attention, and doing your utmost to push the books to completion, you will very much oblige," etc. This modifying the contract, of course, as to the time of performance, waived the obligation of the plaintiff as to the time first stipulated. The jury might have found that the plaintiff agreed to the modification as to time. The modified contract was obligatory upon the parties from that time. As to whether the plaintiff complied with the new contract by doing his utmost, if it were necessary to show that, would be a question for the jury. The jury might have found, if the testimony left it in doubt, that on June 10th the defendant told the plaintiff orally to stop work on those memorandum books until they received further orders. The plaintiff refused to accede to the proposition. If these positions are correct, the plaintiff, as might have been found by the jury, offered for delivery to the defendant the goods in a condition provided by the contract, and was entitled to receive the price by the contract. I am of opinion that at the least the plaintiff had a right to go to the jury upon the issues of fact. Plaintiff's exceptions are sustained, and a new trial is ordered, with costs to abide the event.