(25 Misc. Rep. 690.)

## MILLER v. STERN.

(Supreme Court, Appellate Term.　January 23, 1899.)

1. SALES—FAILURE OF SELLER TO PERFORM—MEASURE OF DAMAGES.

Where a seller fails to supply a buyer with goods, which the latter procures elsewhere, but is compelled to pay a higher price, there being no market price, he may recover the difference between the contract price and the price paid.

2. SAME.

Where a seller fails to supply goods, which the buyer is unable to get elsewhere, the latter may recover damages for the loss sustained by his inability to fill orders given him by third persons for such goods.

3. CUSTOMS—CONTRACTS—PAROL EVIDENCE.

Parol evidence may be given of customs pertaining to matters embraced in a written contract, where they do not contravene a rule of law or contradict the contract.

4. TRIAL—REMARKS OF COURT—ERROR CURED.

A buyer returned goods to the seller because not in accordance with samples.　In an action by the seller to recover for the samples. the court remarked to plaintiff's counsel, in the presence of the jury, that there was evidence of an implied warranty, and that it was not lived up to. *Held*, that its prejudicial effect was cured by a charge that, if the goods did not meet the samples, and were returned, and thereby the samples became of no value, the verdict must be for defendant, unless the samples were to be paid for in any event.

Appeal from city court of New York, general term.

Action by Oscar Miller against Lazarus Stern.　A judgment on a verdict in favor of defendant was affirmed by the general term of the city court (53 N. Y. Supp. 1109), and plaintiff appeals.　Affirmed.

Argued before BEEKMAN, P. J., and GILDERSLEEVE and GIEGERICH, JJ.

D. O'Reilly, for appellant.

Wilmer & Canfield, for respondent.

GILDERSLEEVE, J.　The plaintiff is the assignee of the claim of the firm of Robinsky & Asinof.　The testimony is conflicting, but the defendant, in whose favor the jury found a verdict, offered evidence to establish the following state of facts, viz.:　The plaintiff's assignors and defendant entered into an agreement, by the terms of which the former were to sell and deliver to the latter certain goods at certain prices.　They sent samples, which were satisfactory; but when the bulk of the goods arrived they were found to be unsuitable, and not in accordance with the samples.　Defendant returned the goods, which were accepted by the plaintiff's said assignors, and, later on, the defendant returned also the samples, as they were of no use to him.　The plaintiff's assignors appear to have declined to accept them, but what became of them does not appear.　In order to fill his orders, defendant was obliged to replace the goods so returned to the plaintiff's assignors, and he bought them elsewhere.　These goods he purchased at a higher price than that agreed upon in his contract with the plaintiff's assignors, and defendant counterclaims the loss so occasioned.　The plaintiff, as assignee of said firm of Robinsky & Asinof, brought this action to recover for the samples so returned, but not accepted.　The

jury found a verdict for the defendant, without referring to the counterclaim, and on this verdict judgment was entered dismissing the complaint on the merits, with costs. From this judgment the plaintiff appealed to the general term, where the judgment was affirmed, and from this judgment of affirmance plaintiff appeals to this court.

The judgment is assailed upon three grounds: First. On defendant's attempt to prove his counterclaim, the following testimony was given:

"Q. You may state what orders you received that you were unable to fill by reason of the failure of the plaintiff's assignors to deliver the goods according to the contract which you made. A. The names I cannot give, but I can give you the amounts. Q. Give the amounts. (Objected to. Overruled. Exception to plaintiff.) A. From $1,200 to $1,500 on these specific goods that I returned. Q. Will you state what you did in regard to getting other goods to fill these orders? (Objected to as incompetent, irrelevant, and immaterial. Overruled. Exception.) A. I procured other goods in place of them. Some I could replace, and others I could not. Q. State the difference in the cost of the goods you did procure and those you got from plaintiff's assignors. (Same objection, ruling, and exception.) Q. I mean the difference in amount. A. From $150 to $200. That was the difference in amount."

In support of his objection, the appellant cites the cases of Parsons v. Sutton, 66 N. Y. 92, and Saxe v. Lumber Co., 11 App. Div. 292, 42 N. Y. Supp. 69. In the first of these cases it is held that the measure of damages for a breach of contract to sell and deliver goods at a time and place specified, when the purchaser can go into the market and buy the goods, is limited to the difference in value between the contract price and the market price at the time and place of delivery; and, if there is no market, and the article cannot be had there with reasonable diligence, and the vendee has suffered special damages because of, and which are the proximate and natural results of, the vendor's failure, such damages may be recovered. In the second of these cases it is held that the party injured by the breach of a contract must so act as to make his damages as small as he reasonably can; and, where the vendee brings an action for damages because of the vendor's failure to deliver goods, the vendor is entitled, with a view to reducing the damages, to show that the vendee could have obtained from a third party goods of the same kind and character as were called for by the contract at the contract price. The defendant herein swears, without contradiction, that one of plaintiff's assignors told him that the goods had been "withdrawn from the line," and defendant's own statement is that he was unable to replace some of the goods. It would appear, therefore, that there was no market price, and that it was not possible to go into the open market and buy these goods. The defendant, apparently, did the best he could in buying the goods; or, at the least, it is not a reasonable inference to suppose that he paid more than was necessary to replace the goods which plaintiff's assignors ought to have sent him. There is nothing to indicate that he could have obtained the goods at a less price.

The second ground urged by appellant is based upon the following alleged error in the admission of evidence:

The witness Silverman is asked: "Q. Is there any custom in the trade whereby samples are paid for, outside of the bulk of the goods? (Objected to as immaterial and incompetent. Overruled. Exception.) A. It is the

*custom that the samples shall not be paid for until the stock is delivered. Q. If the bulk of the goods that follow are not up to sample, and the bulk are returned, are the samples also returned? (Same objection, ruling, and exception.) A. Yes, sir; sure the samples are returned. If the stock does not come up to the samples, they are all returned."*

It is well settled that parol evidence may be given as to a uniform, continuous, and well-settled usage and custom pertaining to the matters embraced in the contract, unless such usage or custom contravenes a rule of law, or alters or contradicts express or implied terms of the contract which are free from ambiguity. Atkinson v. Truesdell, 127 N. Y. 230, 27 N. E. 844. It does not appear in what particular the evidence of the custom in question contravenes a rule of law, or alters or contradicts any express or implied term of the contract that is free from ambiguity. The evidence was offered in support of the probability of the correctness of defendant's contention. It does not seem to be of such a character as to call for a reversal.

Lastly, exception was taken to the remarks of the court, as follows:

*"It is pretty well in evidence on both sides that there was an implied warranty, and that it was not lived up to. That is defendant's claim, and you claim that you sold him these goods, and that out of kindness you took some of them back."*

Whatever prejudicial effect such a remark on the part of the court to the counsel, during the trial, might have had on the minds of the jury, was cured by the charge, wherein the court used these words:

*"It is for you to determine whether the samples were purchased and to be paid for irrespective of the question whether the other part of the goods were paid for or not. * * * If, on the other hand, you find that they failed to complete their orders, and that they sold to Stern certain goods, and that, although they gave him samples, that the stock which followed did not meet the samples, and were returned, and that thereby the samples became useless and of no value, as claimed by the defendant, and were returned, then your verdict must be for the defendant, unless you find that the samples were to be paid for in any event."*

It does not appear that the exception under consideration is of sufficient importance to call for a reversal. The judgment, so far as assailed on this appeal, should be affirmed, with costs.

BEEKMAN, P. J., and GIEGERICH, J., concur in result.