### HIRSCH et al. v. ANNIN et al.

(Supreme Court, Appellate Term. June 28, 1899.)

1. SALES—TIME OF DELIVERY—CUSTOM.
    Where buyer and seller asserted a different time for the delivery of goods, proof of a custom in the trade not to stipulate to fill orders within a specified time was properly excluded, as this would contravene either contention.

2. SAME—WAIVER.
    Where a buyer waived time limitation for delivery by thereafter ordering delivery "at once," a delivery 30 days later was not a compliance.

3. SAME—QUESTION FOR JURY.
    If the order for delivery "at once" meant "within a reasonable time," question whether 30 days was a reasonable time was for the jury.

Appeal from municipal court, borough of Manhattan, First district.

Action by Angelo Hirsch and others against John Annin and another. There was a judgment for defendants, and plaintiffs appeal. Affirmed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

Leonard Bronner, for appellants.
G. A. C. Barnett, for respondents.

LEVENTRITT, J. The plaintiffs, as manufacturers and importers of flags, received an order from the defendants on the 16th day of May, 1898. According to the testimony of defendants' witnesses, one-half of the merchandise was to be delivered within 24 hours, and the balance at least two weeks prior to the Fourth of July. On the other hand, the plaintiffs' salesman who took the order states that the agreement contemplated various deliveries,—one immediately, another in two or three weeks, and the remainder by the month of Sep-

tember. 'A quantity of the flags had been delivered and paid for at least two weeks prior to the Fourth of July. On June 29, 1898, the defendants wrote to the plaintiffs, "Send us at once some 18 Scotch; also list of flags due on order." No further delivery was made until July 28th, when the balance was tendered. This was rejected, on the ground that the stipulated time of delivery had passed. Thereafter, upon notice to the defendants, the plaintiffs disposed of these goods at public auction, and brought this action to recover the difference between the amount realized and the contract price. Upon the trial the jury returned a verdict for the defendants. The conflicting versions of the contract raised the only issues litigated. Two grounds of error are urged by the appellants: First. The exclusion of testimony relating to an alleged custom in the flag trade not to stipulate to fill orders within a specified time. Even if the questions propounded had not been improperly limited to the practice prevailing in the defendants' business, but had been broad enough to include a general custom, the exception would be without merit. It is only where a usage or custom does not contradict the express or implied terms of the contract entered into between the parties that proof of its existence is competent. Westcott v. Thompson, 18 N. Y. 367; Atkinson v. Truesdell, 127 N. Y. 230, 27 N. E. 844; Miller v. Stern, 25 Misc. Rep. 690, 55 N. Y. Supp. 765; O'Donohue v. Leggett (Sup.) 8 N. Y. Supp. 426. In the case at bar there was a specific time contract asserted by both sides. The defendants claimed that the time limit of delivery was two weeks prior to the Fourth of July; the plaintiffs that it extended to September. Had the custom been established, it would have contravened both contentions. The plaintiffs cannot blow hot and cold, first seeking to protect themselves by proving a fixed date, and, failing in that, inconsistently invoking the protection of an alleged custom that no date was contemplated. The second ground of error is likewise without force. Predicating a waiver on the language of the postal card written five days prior to the Fourth of July, the plaintiffs' counsel asked for a direction of a verdict on the ground that if there had been, as claimed by the defendants, a subsisting contract fixing the date of delivery, they waived the time condition by requesting the plaintiffs on June 29th to send at once the flags necessary to complete the order, and that thereby a new contract was created, which was never rescinded. The request was properly denied. It may be conceded that the sending of the postal card constituted a waiver of the time limitation. Boas v. Construction Co., 8 Misc. Rep. 443, 28 N. Y. Supp. 859. Its effect, however, was not to eliminate time entirely from the contract, but merely to extend that first stipulated. The modified contract was to be performed "at once," or, under the most favorable construction to the plaintiffs, within a reasonable time after June 29th. If at once, "a delivery on July 28th was not a compliance, and, if within a reasonable time," that was a question not for the court, but for the jury. The rulings attacked are not open to criticism, and the judgment must be affirmed.

Judgment affirmed, with costs to the respondents. All concur.