WILSON v. EMPIRE DAIRY-SALT CO.

(Supreme Court, Appellate Division, Fourth Department. March 21, 1900.)

1. SALES—TITLE—DELIVERY.

Where defendant contracted to sell plaintiff 20 car loads of No. 1 salt within 90 days, to be shipped on receiving instructions,—it not being shown that at the time of the contract defendant had on hand a quantity of salt equal to the order, and undistinguishable in quality, so that there would remain nothing to be done except to divide or count the goods,—no title passed.

2. SAME—DELIVERY—CONTRACT—TIME.

Where plaintiff ordered a certain amount of salt, to be taken within 90 days, and defendant receipted the order, stating that he had entered the order for salt "to be taken out within the next 90 days," and would ship the same on instructions, time was of the essence of the contract, and plaintiff could not enforce delivery after the expiration of the time specified.

Appeal from special term, Erie county.

Action by C. Townsend Wilson against the Empire Dairy-Salt Company. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and LAUGHLIN, JJ.

Eugene M. Bartlett, for appellant.
Harry D. Williams, for respondent.

LAUGHLIN, J. This is an action at law to recover damages for breach of an express contract. On the 27th day of August, 1897, the plaintiff, who was a wholesale grocer at Buffalo, N. Y., wrote the defendant, which was engaged in making and selling salt at Warsaw, N. Y., asking it to quote lowest price it would make on "10 cars No. 1 common fine salt, to be taken within 60 days." The defendant answered by letter the following day, saying:

"We quote you the following prices on 10 cars No. 1 com. fine salt, to be taken within the next 60 or 90 days: Common fine salt, per bbl, .48. This price is f. o. b. cars Warsaw, and is for our best salt, which is thoroughly dried. Trusting to be favored with your order, we remain," etc.

The plaintiff replied on August 30, 1897:

"You may enter our order for 20 cars No. 1 common fine salt, to be taken within 90 days, at 48c. per barrel, f. o. b. Warsaw. We will sell as much dairy and table salt as possible with this common fine, and presume you will make us same price we have been paying."

The defendant replied by letter next day:

"We are in receipt of your favor of August 30, inclosing order for 20 car loads of No. 1 common fine salt, at 48c. per barrel, f. o. b. cars Warsaw, to be taken out within the next 90 days, for which please accept our thanks. We have entered same, and will ship upon receiving instructions from you."

Within 90 days thereafter the defendant shipped to the plaintiff 11½ car loads of common fine salt, for which he paid according to the contract price. The plaintiff gave no order or shipping direction for any part of the remaining 8½ car loads (or 857 barrels) of salt during said 90 days, and there was no further agreement or correspondence between the parties on the subject within that time. It appears from the record that on December 1, 1897, 2 days after the expiration of the 90 days, the plaintiff requested the defendant to ship 200 barrels of common fine salt immediately. The record is silent as to the defendant's action on this order, unless we are to infer that it was not complied with, from the fact that a recovery has been had for the entire remainder of the 20 car loads not delivered within said 90 days. On January 10, 1898, the plaintiff ordered 100 barrels of this grade of salt; and the defendant, by letter, thereupon drew plaintiff's attention to the fact that the contract had expired, and declined to fill the order for less than 55 cents per barrel. The market price of salt had so materially advanced that on January 15, 1898, it was 62½ cents per barrel. Between the 10th and 28th days of January, 1898, the parties had considerable correspondence, wherein the plaintiff demanded the 8½ car loads of salt; and the defendant declined to ship or deliver the same on the ground that the contract had expired, and that its custom had always been to make new quotations at the commencement of a year. The plaintiff alleges performance upon his part, and failure to perform on the part of the defendant.

The facts fall far short of bringing the case within the authority of Kimberly v. Patchin, 19 N. Y. 330, or Russell v. Carrington, 42 N. Y. 118, or like decisions, holding that upon a sale of a specified quantity of personal property then in existence, and forming part of a mass indistinguishable in quality or value, its separation or de-

livery is not essential to pass title, where the intention to do so is otherwise clearly manifested. The record fails to show whether the defendant at the time of making this contract had on hand at Warsaw or elsewhere, ready for delivery, a quantity of salt equal to or exceeding the amount specified in the contract, and undistinguishable therefrom in grade, quality, or value. We are of opinion that this case comes within the principle of Higgins v. Railroad Co., 60 N. Y. 553–558, and Cornell v. Clark, 104 N. Y. 451, 10 N. E. 888,—that the contract is executory, and title does not pass, where the intention to pass title is not clearly manifested, and where something remains to be done to ascertain and identify the subject of the sale, and not merely to determine, by count or division, the purchase price. We also think that time was of the essence of the contract. The correspondence shows (especially the defendant's final letter, accepting the order and restating the contract) that the parties deemed the condition "to be taken out within the next 90 days" quite important and material. Higgins v. Railroad Co., supra. The case of Atkinson v. Truesdell, 127 N. Y. 230, 27 N. E. 844, is distinguishable on the ground that the goods were there manufactured under a special order, and the action was by the vendor, who was relieved from making a tender by proof of a uniform, continuous, and well-settled usage and custom. It was incumbent on the plaintiff to show that he gave shipping orders for the remainder of the salt, or otherwise demanded delivery thereof, within the period fixed by the contract; otherwise, the defendant would not be shown to be in default, as, unless it wished to hold the plaintiff to performance, it was under no duty to remain ready to perform thereafter. Nelson v. Elevating Co., 55 N. Y. 480, and Higgins v. Eagleton, 155 N. Y. 466, 50 N. E. 287.

The judgment appealed from should be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.