### BINGER CO. v. BLUMBERG et al.

#### (Supreme Court, Appellate Term. May 9, 1912.)

SALES (§ 81*)—CONTRACTS—PERFORMANCE—"AT ONCE."

   A contract for 300 signs, to be used by the buyer's salesmen for distribution among the trade, 150 to be delivered "at once," and 150 in three months from the date of the order, calls for a prompt delivery of 150, and an offer to deliver six weeks after the making of the contract comes too late; the words "at once" contemplating the making of a delivery with greater celerity than is ordinarily comprehended by a reasonable time.

   [Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 217–223; Dec. Dig. § 81.*

   For other definitions, see Words and Phrases, vol. 1, pp. 610, 611.]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by the Binger Company against Isaac Blumberg and another. From a judgment of the Municipal Court of the City of New York, rendered for plaintiff, defendants appeal. Reversed, and new trial ordered.

Argued April term, 1912, before SEABURY, GUY, and GERARD, JJ.

I. Gainsburg, of New York City, for appellants.
Nathaniel Phillips, of New York City, for respondent.

SEABURY, J. Plaintiff sued to recover $300, alleged to be due for services rendered in making 300 signs, which the plaintiff claimed it completed and offered to defendants, and which the latter refused to accept. The signs were made under a contract which provided:

   "150 signs to be delivered *at once* and balance in three months from date of order."

The contract was dated March 3, 1911. The plaintiff offered to deliver the goods on April 6, 1911. The defendants refused to accept them, saying:

   "It's too late now, as my man is out on the road."

The evidence showed that these signs were to be used by the defendants' salesman for distribution among the Eastern trade. The contract specified that the delivery should be made "at once." The plaintiff did not establish his right to recover by showing that he offered to deliver six weeks after the contract was made. The contract, by using the words "at once," contemplated that delivery should

be promptly made, or that it should be made with greater celerity than is ordinarily comprehended by a reasonable time. Lewis v. Hojer, 16 N. Y. Supp. 534; Tobias v. Lissberger, 105 N. Y. 410, 12 N. E. 13, 59 Am. Rep. 509; Hirsch v. Annin, 28 Misc. Rep. 228, 58 N. Y. Supp. 1019.

Judgment reversed, and a new trial ordered, with costs to the appellants to abide the event. All concur.