■ GREGORY G. CALABRO, Individually and on Behalf of Himself and All Other Shareholders of Calabro & Fleishell, P.C., Similarly Situated, Appellant, v THOMAS S. FLEISHELL, Respondent. [851 NYS2d 155]—

Order, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered September 29, 2006, which, to the extent appealed from as limited by the briefs, denied plaintiff's motion for summary judgment on his third cause of action and for dismissal of the third, fifth and sixth counterclaims, and, upon search of the record, granted defendant summary judgment on liability on the sixth counterclaim, unanimously modified, on the law, the grant of summary judgment on the sixth counterclaim vacated, and otherwise affirmed, without costs. Appeal from order, same court and Justice, entered September 22, 2006, which granted defendant's motion to direct plaintiff to effect a rollover in a profit-sharing plan by a date certain, unanimously dismissed, without costs, as moot.

The grant of summary judgment on the sixth counterclaim was premature. There are factual issues as to whether plaintiff voluntarily abandoned the premises, and whether he was under any obligation, under these circumstances, to execute the surrender agreement.

Summary judgment was properly denied on the third cause of action. A claim for fraud cannot duplicate a claim for breach of fiduciary duty (*see Frydman & Co. v Credit Suisse First Boston Corp.*, 272 AD2d 236, 238 [2000]).

Plaintiff's attempt to assert waiver, estoppel and laches as defenses to the third counterclaim for recovery of excess profits cannot be evaluated until factual issues are resolved, including whether the parties actually agreed to a 50-50 split of profits after a third partner left. If not, the question whether defendant knew or should have known of plaintiff's purported self-dealing is still essential in determining whether estoppel, waiver or laches should apply.

The statute of frauds is unavailing as a defense to the fifth counterclaim for reimbursement of defendant's payment of expenses, since it has long been the rule that parol evidence can be admitted to demonstrate "uniform, continuous and well settled usage and custom pertaining to the matters embraced in [a] contract" (*Atkinson v Truesdell*, 127 NY 230, 234 [1891]). Evidence as to the parties' prior sharing of expenses would remove the counterclaim from the proscriptive effect of General Obligations Law § 5-701 (a) (2).

Inasmuch as the funds that were the subject of the September 22 order have been distributed, that issue is now moot (*see Saratoga County Chamber of Commerce v Pataki*, 100 NY2d

801, 810-811 [2003], *cert denied* 540 US 1017 [2003]). Concur—Lippman, P.J., Mazzarelli, Friedman, Sweeny and Moskowitz, JJ.